HELANE L. MORRISON (Cal. Bar No. 127752)
MARK P. FICKES (Cal. Bar No. 178570)
 (fickesm@sec.gov)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
 (schneidere@sec.gov)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>ALEXANDER JAMES TRABULSE,<br><br>    Defendant,<br><br>    and<br><br>FAHEY FUND, L.P., FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, and ITD TRADING,<br><br>    Relief Defendants. | Case No. C 07-4975 (WHA)<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION AND ORDERING OTHER ANCILLARY RELIEF |

This matter came before the Court on the motion of plaintiff Securities and Exchange Commission ("Commission") for a preliminary injunction and other ancillary relief. The Court has received and considered the Commission's complaint, memorandum of points and authorities and the declarations of Mark P. Fickes, Erin E. Schneider, H. Gifford Fong, Timothy K. Ivey, Jennifer M. Good, Alex Shurchin, Corinne McKay, Eve Bodeux, Francisco A. Valerio, Julia Ziegler, Evelyn M.

Reinos, and Boizette Francois, and all exhibits attached to those declarations, and all other submissions, written or oral, at or before the hearing. Good cause appearing, the Court finds:

1. This Court has jurisdiction over the parties and the subject matter of this action pursuant to Sections 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), Sections 21(d)(3), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), and Sections 209 and 214 and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 77t(d)(1), 77v(a)], 78u(d)(3), 78u(e), 78aa, 80b-9 and 80b-14.]

2. This District is an appropriate venue for this action pursuant to Section 22(a) of the Securities Act, Section 27 of the Exchange Act and Section 214 of the Advisers Act. 15 U.S.C. §§ 77v(a), 78aa, and 80b-14.

3. The Commission has demonstrated a likelihood of success on the merits of its action and that the balance of hardships weighs in its favor. With respect to the balance of hardships, the public interest weighs strongly in favor of issuance of injunctive relief.

4. Good cause exists to believe that defendant Alexander James Trabulse ("defendant" or "Trabulse") has engaged in, is engaging in, and is about to engage in transactions, acts, practices and courses of business which constitute and will constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78(j), and Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5, and Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) & (2).

5. Good cause exists to believe that Trabulse will continue to engage in such acts and practices and in such violations of the statutes and rules set forth above causing irreparable injury to investors and to the general public unless restrained and enjoined by order of this Court.

6. Good cause exists to believe that relief defendants Fahey Fund, L.P., Fahey Financial Group, Inc., International Trade & Data and ITD Trading (collectively, "relief defendants") received funds belonging to other persons to which they do not have a superior legal right or claim.

7. Good cause exists to believe that there is an immediate and irreparable risk of injury to or loss of defendant's records, unless defendant is immediately restrained and enjoined from destroying them.

9.  Good cause exists to permit immediate discovery by the parties under the Federal Rules of Civil Procedure.

Therefore,

I.

IT IS ORDERED that defendant Alexander James Trabulse and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from, directly or indirectly, in connection with the offer or sale of any securities, by the use of any means or instrumentality of interstate commerce, or of the mails:

    A.    employing any device, scheme, or artifices to defraud;

    B.    obtaining money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

II.

IT IS FURTHER ORDERED THAT defendant Alexander James Trabulse, and his respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any securities, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      C.      engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5.

### III.

IT IS FURTHER ORDERED that defendant Alexander James Trabulse and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them are preliminarily restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce:

      A.      employing any device, scheme, or artifice to defraud any client or prospective client;

      B.      engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client;

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) & (2).

### IV.

IT IS FURTHER ORDERED that the Plaintiff may take expedited discovery as follows:

      A.      The Plaintiff may take depositions upon oral examination subject to at least __ days notice upon entry of this order, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure;

      B.      Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the defendant and relief defendants shall answer all interrogatories within ____ days of service of such interrogatories;

      C.      Pursuant to Rule 34 of the Federal Rules Civil Procedure, the defendant and relief defendants shall produce all documents within ____ business days of service of such request;

D. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the defendant and relief defendants shall answer request for admissions within _____ days of service of such request;

D. The Plaintiff may serve discovery by facsimile, electronic mail or by any other means provided for within the Federal Rules of Civil Procedure;

E. All written responses to the request for discovery under the Federal Rules of Civil Procedure shall be delivered to the Plaintiff's counsel by the most expeditious means available, including facsimile or electronic mail.

V.

IT IS FURTHER ORDERED that, pending further order of the Court, defendant and relief defendants, and their officers, agents employees, servants, attorneys, and all persons in active concert or participation with them, and each of them, are restrained and enjoined from destroying, transferring or otherwise rendering illegible all books, records, papers, ledgers, accounts, statements, electronically stored information, computers or computer files, and other documents employed in any of such defendant's or relief defendants' business, which reflect the business activities of the defendant or any of the relief defendants, or which reflect the transactions described in the Commission's Complaint.

VI.

IT IS FURTHER ORDERED that:

A. _____ is appointed to serve as an independent monitor ("Monitor"), with the powers set forth herein while this litigation is pending. The Monitor's mandate will be to protect the interests of all persons who have in invested in, purchased securities from, and/or loaned money to Fahey Fund, L.P. (formerly known as Fahey Hedge Fund, L.P.), or Fahey Financial Group, Inc. (collectively, the "Investors"), to the extent permitted by law;

B. The Monitor is hereby empowered to:

1. have full and complete immediate access to the books and records of defendant and the relief defendants;

2. have the full and complete ability to interview all defendant's and relief defendants' principals, officers, directors, employees and agents, or anyone who is otherwise associated with them and to immediately require all such persons to cooperate fully with the Monitor and to respond, within the time requested by the Monitor to any inquiries or questions by the Monitor, and to provide, within the time requested by the Monitor, any documents requested by the Monitor;

3. monitor any contemplated liquidation, sale or disposition of any assets, including but not limited to stocks, derivatives, futures or other such financial instruments, products, assets or things of value in the possession, custody, or control of defendant or relief defendants (collectively, the "Fund Assets") to ensure that any such liquidation, sale or disposition is commercially reasonable and for the benefit of the Investors;

4. monitor and review any bills or invoices sent to defendant or relief defendants;

5. determine the names, addresses and contact information for and interview all Investors, to the extent deemed necessary by the Monitor;

6. determine the principal amount invested with and/or loaned to Fahey Fund, L.P. (formerly known as Fahey Hedge Fund, L.P.), or Fahey Financial Group, Inc. (collectively, the "Fahey Fund") by each Investor;

7. determine any amounts paid by defendant or relief defendants to any Investors;

8. determine the names, addresses and contact information for and interview all entities from which defendant or relief defendants purchased or otherwise obtained Fund Assets to the extent deemed necessary by the Monitor;

9. determine the amount of funds used by defendant or relief defendants to purchase or otherwise obtain the Fund Assets;

10. determine the market value and current location of the Fund Assets;

11. determine whether any insurance is maintained on the Fund Assets;

12. on immediate notice be provided with access to the Fund Assets;

      13. determine the amount of funds generated or revenue received by defendant or relief defendants through or as a result of disposing of any previously held Fund Assets;

      14. monitor and/or review all previously completed, pending or contemplated acquisitions, purchases, transfers or conveyances of any assets of defendant or relief defendants, in the Fund Assets and the holdings or assets of any bank, depository and brokerage accounts in which defendant or relief defendants has or had any beneficial interest;

      15. review the verified accounting provided to the Commission's counsel by the defendant referred to in Section VII., below; and

      16. engage and employ persons, in the Monitor's discretion, to assist the Monitor in carrying out his duties and responsibilities hereunder.

C. Defendant shall immediately arrange, through the relevant financial institutions, for the Monitor to be designated as a party entitled to receive past and present periodic, and interim upon request, statements for all bank, depository and brokerage accounts in which defendant or relief defendants has or had any beneficial interest. To the extent such access currently exists or can be enabled, defendant will immediately take any and all steps necessary to provide the Monitor with electronic real-time access to all such bank, depository and brokerage accounts;

D. Should the Monitor consent to his appointment under this Order, the Monitor shall, within ten (10) days of the date of this Order file with the Court a consent to his appointment as Monitor. Thereafter, within fifteen (15) days of the filing of such consent, the Monitor shall file a report with the Commission counsel and defendant's counsel as to the state of affairs of Fahey Fund (the "Monitor's Report"). The Monitor shall thereafter file with the Commission counsel and defendant's counsel updates to the Monitor's Report every thirty (30) days, or, within ten (10) days of a request for an update by the Commission. The Monitor's Report shall address those issues of Fahey Fund's operations with which the Monitor has been vested authority to inquire into

and monitor under this Order, and shall specifically include the name and address of all Investors, the amount invested and/or loaned to Fahey Fund by all Investors (the "Investments"), the total amount of the Investments, the date each individual Investment was made, the total amount of monies paid by defendant or relief defendants to the Investors, the amount paid by defendant or relief defendants to each individual Investor, and a listing of all expenditures of $5,000 or more, showing the amount and to whom paid and the date of payment. The Monitor's Report also shall specifically include a description by category of all Fund Assets, their cost, their market value, the date they were acquired, in whose name they are maintained, whether any insurance is maintained on them, and their location;

E. Any acquisition, purchase or transfer or conveyance that is not related to Fahey Fund's trading operations at A.G. Edwards & Sons, Inc., Iowa Grain Company, or Canaccord Capital Corporation will be deemed an irregular transfer ("Irregular Transfer"). Defendant shall provide the Monitor with the greatest possible advance notice of, and complete and immediate access to inquire into, any and all pending or contemplated Irregular Transfers. In addition, defendant shall provide the Monitor and the Commission counsel with advance written notice at least five (5) business days prior to the contemplated date of such Irregular Transfer. Such written notice shall include the name and address of the intended transferee(s), the amount of the transfer(s), and the purpose for such transfer(s). Should the Monitor become aware of any pending or contemplated Irregular Transfers for which defendant did not provide advance written notice, the Monitor shall immediately provide written notice of such pending or contemplated Irregular Transfers to Commission counsel and to counsel for defendant;

F. Defendant shall pay the Monitor reasonable compensation and expense reimbursements in amounts commensurate with the services performed by the Monitor. Within three (3) days after the entry of this Order, defendant shall establish an escrow account, and fund that account with ____ (the "Initial Amount"), to be used to pay the fees and expenses of the Monitor and of the advisers and experts hired or

retained by the Monitor. The Monitor may apply to the Court for such compensation and expense reimbursements quarterly and such amounts shall be drawn from the escrow account. Defendant shall continue to provide additional funds to the escrow account as necessary to maintain at all times a balance equal to or greater than the Initial Amount;

G. The Monitor and all persons who may be engaged or employed by the Monitor to assist him in carrying out his duties and obligations hereunder shall not be liable for any act or omission of the Monitor or such person, respectively, or any of their partners, employees, or agents, unless it shall be proven that the Monitor or such other person recklessly or in bad faith acted or omitted to act. This provision shall apply to all claims based on conduct during the term of any agreement that may be entered into between the Monitor and any other person who may be engaged or employed by the Monitor hereunder, even if such claims are filed after the termination of any such agreement;

H. Defendant and relief defendants shall indemnify, defend and hold harmless the Monitor, the law firm retained to represent the Monitor, and his or its agents, employees, consultants, successors, and assigns, from and against all actions (pending or threatened and whether at law or in equity in any forum), liabilities, damages, losses, costs, and expenses, including but not limited to reasonable attorneys' fees and other professional fees arising from conduct or omission of the Monitor or his law firm or his or its agents, employees, and consultants under the terms of this Order;

I. From the date of this Order and for a period of two years from completion of the duties required under the Monitor's appointment, the Monitor shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with defendant or the relief defendants, or any of their present or former affiliates, directors, officers, employees, or agents acting in their capacity. Any firm with which the Monitor is affiliated or of which he is a member, and any person engaged to assist the Monitor in performance of his duties sunder this Order shall not, without proper

written consent of the Commission's counsel, enter into any employment, consultant, attorney-client, auditing or other professional relationship with defendant or relief defendants, or any of their present or former affiliates, directors, officers, employees, or agents acting in their capacity as such for the period from the date of this Order for a period of two years from the completion of the duties required under the Monitor's appointment;

J. The Commission may, in its discretion, petition the Court to modify the scope of the Monitor's authority, or relieve the Monitor of all authority;

K. The Commission shall have the right to petition the Court for immediate relief if the Commission deems that any of the defendant's ongoing activities are contrary to the best interest of the Investors; such relief may include an asset freeze and the appointment of a receiver;

L. Any notice, written or otherwise, to be provided by defendant or the Monitor to Commission counsel shall be effected and sent by electronic mail to fickesm@sec.gov and schneidere@sec.gov. Any notice, written or otherwise to be provided by Plaintiff or the Monitor to counsel for defendant shall be effected and sent by _____ to _____. Any notice, written or otherwise, to be provided by defendant to the Monitor shall be effected and sent by _____ to _____. All persons receiving electronic mail under this paragraph shall agree to accept and acknowledge all requests by senders for electronic "read receipts" or other manners of proof of receipt requested by any senders under this paragraph.

VII.

IT IS FURTHER ORDERED that pending further order of the Court, defendant and relief defendants shall, within sixty (60) days after service of this Order, prepare a verified accounting (an "Accounting") of:

A. all funds or assets paid or transferred to defendant or to the relief defendants by any and all Investors since inception through September 30, 2007;

  B. all funds or assets paid or distributed by defendant or by the relief defendants to any Investors since inception through September 30, 2007;

  C. the profits and losses earned by Fahey Fund, separately identified by investment category (such as, but not limited to, profits or losses from trading financial products, profits or losses from rugs, profits or losses from property, and profits or losses from jewelry), for the years ended 1998 through 2006 and for the three months ended March 31, 2007, the six months ended June 30, 2007, and the nine months ended September 30, 2007;

  D. the profits and losses earned by each Investor in the Fahey Fund, separately identified by investment category (such as, but not limited to, profits or losses from trading financial products, profits or losses from rugs, profits or losses from property, and profits or losses from jewelry), for the years ended 1998 through 2006 and for the three months ended March 31, 2007, the six months ended June 30, 2007, and the nine months ended September 30, 2007;

  E. the net asset value of the Fahey Fund, with each asset category separately identified (such as, but not limited to, trading assets, rugs, property, and jewelry) as of December 31st for the years ended 1998 through 2006 and as of March 31, 2007, June 30, 2007, and September 30, 2007;

  F. the cost of each asset identified in (E) above, with each asset category separately identified (such as, but not limited to, trading assets, rugs, property, and jewelry), as of December 31st for the years ended 1998 through 2006 and as of March 31, 2007, June 30, 2007, and September 30, 2007;

  G. the net asset value of each Investor's account with Fahey Fund, with each asset category separately identified (such as, but not limited to, trading assets, rugs, property, and jewelry), as of December 31st for the years ended 1998 through 2006 and as of March 31, 2007, June 30, 3007, and September 30, 2007; and

  H. the funds or assets defendant withdrew, transferred, or authorized to be withdrawn or transferred, either from bank accounts in his name or which he controlled or had a

| | |
|---|---|
| 1 | beneficial interest in or from the relief defendants, for any items that were not |
| 2 | investments for Investors in the Fahey Fund including, but not limited to, |
| 3 | compensation and expenses for the years ended 1998 through 2006 and for the three |
| 4 | months ended March 31, 2007, the six months ended June 30, 2007, and the nine |
| 5 | months ended September 30, 2007. |

6  The Accounting shall be reviewed by the Monitor and delivered to counsel for the Commission and
7  for defendant within seventy-five (75) days after service of this Order.

## VIII.

9   IT IS FURTHER ORDERED that pending further order of the Court, defendant and relief
10  defendants, and their officers, agents employees, servants, attorneys, and all persons in active concert
11  or participation with them, and each of them, whatever business names they may operate under shall
12  not transfer or convey any assets unless such transfer or conveyance is to purchase investments for
13  the Fahey Fund or to pay for legitimate and reasonable expenses incurred by Fahey Fund.  Such
14  expenses will be reviewed by the Monitor to determine whether they are legitimate and reasonable.
15  The ability to purchase investments for the Fahey Fund is subject to the limitations set forth in the
16  parties' stipulated Order Concerning Injunctive Relief submitted to the Court on October 18, 2007.

## IX.

18  IT IS FURTHER ORDERED THAT upon motion of the Plaintiff, the Court shall determine
19  whether it is appropriate to order additional relief including, but not limited to, a permanent
20  injunction, disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d)(1) of the
21  Securities Act, 15 U.S.C. § 77t(d)(1), Section 21A of the Exchange Act, 15 U.S.C. § 78u-1, and
22  Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e), against defendant and/or the relief
23  defendants and, if so, the amount(s) of the disgorgement and/or civil penalty.  If disgorgement is
24  ordered, defendant and/or relief defendants shall pay prejudgment interest thereon.

26  ///
27  ///
28  ///

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for all purposes.

Dated: _____, 2007

_____
UNITED STATES DISTRICT JUDGE