```
 1  KEKER & VAN NEST, LLP
    MICHAEL D. CELIO - #197998
 2  CLEMENT S. ROBERTS - #209203
    JO F. WEINGARTEN - #246224
 3  710 Sansome Street
    San Francisco, CA  94111-1704
 4  Telephone:    (415) 391-5400
    Facsimile:    (415) 397-7188
 5  Email: mcelio@kvn.com
           croberts@kvn.com
 6         jweingarten@kvn.com

 7  Attorneys for Defendants
    ALEXANDER JAMES TRABULSE,
 8  FAHEY FUND, L.P., FAHEY FINANCIAL
    GROUP, INC., INTERNATIONAL TRADE
 9  & DATA, and ITD TRADING
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER JAMES TRABULSE<br><br>Defendant,<br><br>and<br><br>FAHEY FUND, L.P., FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, and ITD TRADING,<br><br>Relief Defendants. | Case No. C-07-4975 WHA<br><br>**DEFENDANT ALEXANDER JAMES TRABULSE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO DISMISS**<br><br>Date:       December 6, 2007<br>Time:      8:00 a.m.<br>Courtroom: 9<br>Judge:     Hon. William H. Alsup<br><br>Date Action Filed:   September 26, 2007 |

Defendant Alexander James Trabulse respectfully requests that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of certain documents and information cited in his Memorandum of Points and Authorities in Support of his Motion to Dismiss (the "Memorandum of Points & Authorities").

## I.    REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule Evidence 201, Defendant Alexander James Trabulse requests that the Court take judicial notice of the following documents, which are attached to the accompanying Declaration of Clement S. Roberts:

1. Fahey Fund (Limited) Partnership Agreement, dated January 2002.

2. Newspaper article by Kathleen Pender, *Net Worth: Hedge Funds Need a Careful Look*, S.F. Chron., Sept. 27, 2007, at C1.

3. Dow Jones Industrial Average annual returns for the years 2000-2006.

## II.    JUDICIAL NOTICE IS APPROPRIATE

The material set forth above is suitable for judicial notice pursuant to Federal Rule of Evidence 201. Under that rule, the Court may take judicial notice of any matter that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**A.    Documents referenced in Complaint.**

It is axiomatic that under Rule 201, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (holding that documents attached to the complaint and incorporated therein by reference are treated as part of the complaint for purposes of Rule 12(b)(6).); *In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 837-38 (N.D. Cal. 2000) ("Thus, the court may consider the full text of a document the complaint quotes only in part."). On this basis, the Court

1  may take judicial notice of the Fahey Fund (Limited) Partnership Agreement explicitly

2  referenced in the Complaint.  *See* Plaintiff's Complaint [Docket No. 1] ¶¶ 22, 33.

3  **B.      Documents that are a matter of public record.**

4  Under Federal Rule of Evidence 201, "[a] court may take judicial notice of 'matters of

5  public record' without converting a motion to dismiss into a motion for summary judgment," as

6  long as the facts noticed are not "subject to reasonable dispute." *Lee v. City of L.A.*, 250 F.3d

7  668, 689 (9th Cir. 2001) (citation omitted).

8  The Dow Jones Industrial Average annual returns for the period from 2000 to 2006 are a

9  matter of public record. Similarly, the newspaper article from the *San Francisco Chronicle* is a

10 matter of public record. These facts and documents are, therefore, suitable for judicial notice.

11 *See SEC v. Bilzerian*, 814 F. Supp. 116, 123, n. 19 (D.D.C. 1993), *aff'd*, 29 F.3d 689 (1994)

12 (taking judicial notice of common stock closing prices); *Ritter v. Hughes Aircraft Co.*, 58 F.3d

13 454, 458-59 (9th Cir. 1995) (taking judicial notice of a newspaper article); *Trevino v. U.S.*, 804

14 F.2d 1512 (9th Cir. 1986) (taking judicial notice of economic trends and inflation rates). Indeed,

15 the court has "discretion to take judicial notice under Rule 201 of the existence and content of

16 published articles." *U.S. v. W.R. Grace*, ___ F.3d ___, 2007 WL 2728767, at *17 (9th Cir. Sept.

17 20, 2007) (citing *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1973 n.13

18 (2007); *U.S. v. Rutgard*, 116 F.3d 1270, 1278 (9th Cir. 1997)).

19 In sum, Defendant Alexander James Trabulse respectfully requests that the Court take

20 judicial notice of the documents listed above.

21 Dated:  November 1, 2007                                    KEKER & VAN NEST, LLP

                                                               By: /s/ Clement S. Roberts
                                                               CLEMENT S. ROBERTS
                                                               Attorneys for Defendants
                                                               ALEXANDER JAMES TRABULSE,
                                                               FAHEY FUND, L.P., FAHEY
                                                               FINANCIAL GROUP, INC.,
                                                               INTERNATIONAL TRADE & DATA,
                                                               and ITD TRADING