1  MARC J. FAGEL (Cal. Bar No. 154425)
   MARK P. FICKES (Cal. Bar No. 178570)
2   (fickesm@sec.gov)
   ERIN E. SCHNEIDER (Cal. Bar No. 216114)
3   (schneidere@sec.gov)

4  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
5  44 Montgomery Street, Suite 2600
   San Francisco, California  94104
6  Telephone:  (415) 705-2500
   Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER JAMES TRABULSE,<br><br>Defendant,<br><br>and<br><br>FAHEY FUND, L.P., FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, and ITD TRADING,<br><br>Relief Defendants. | Case No. C 07-4975 (WHA)<br><br>PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE AND OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OFFERED IN SUPPORT OF HIS MOTION TO DISMISS<br><br>DATE:   December 6, 2007<br>TIME:    8:00 a.m.<br>PLACE: Courtroom 9, 19th Floor |

Plaintiff Securities and Exchange Commission ("Commission") submits its objections to Exhibits 1, 2 and 3 to the Declaration of Clement S. Roberts in Support of Defendant Alexander James Trabulse's Motion to Dismiss ("Motion to Dismiss"). The Commission also opposes defendant's Request for Judicial notice of Exhibits 1, 2 and 4 in support of the Motion to Dismiss. Consequently, the Commission asks that the Court disregard all exhibits submitted by the defendant and all of defendant's arguments based on those exhibits.

## I. OBJECTIONS TO EVIDENCE

| Evidence | Objection |
|---|---|
| **Exhibit 1:** Purported Copy of the Fahey Fund (Limited) Partnership Agreement, dated January 2002. | Exhibit 1 is hearsay and there is no foundation that the document qualifies for an exception. Federal Rules of Evidence ("FRE") §§ 801, 802, 803(6). In addition, Exhibit 1 has not been authenticated. FRE § 901(a). |
| **Exhibit 2:** Purported copy of a newspaper article by Kathleen Pender, *Net Worth: Hedge Funds Need a Careful Look*, S.F. Chronicle, September 27, 2007, at C1. | Exhibit 2 is hearsay and there is no foundation that the document qualifies for an exception. FRE §§ 801, 802, 803. In addition, Exhibit 2 has not been authenticated. FRE § 901(a). Exhibit 2 is irrelevant because in a motion to dismiss, the Court is limited generally to the allegations of the Complaint. FRE §§ 410, 402; *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (In ruling on a motion to dismiss, a district court generally "may not consider any material beyond the pleadings."). Exhibit 2 is also irrelevant because it is offered in support of defendant's contention that investors were not harmed by his fraud. The Commission is not required to prove harm or damages. *SEC v. Rana Research, Inc.*, 8 F.3d 1358, 1363, fn. 4 (9th Cir. 1993); *SEC v. Rind*, 991 F.2d 1496, 1490 (9th Cir. 1993) (injury it not an element of an SEC claim for |

| | | |
|---|---|---|
| | | disgorgement of profits under rule 10b-5); *SEC v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 195 (1963) (the SEC need not prove injury in an action to enjoin violation of Section 206 of the Advisers Act). |
| | **Exhibit 3:** Purported copy of a letter from Michael Celio to Erin Schneider. | Exhibit 3 is hearsay and there is no foundation that the document qualifies for an exception. FRE §§ 801, 802, 803. Exhibit 3 is irrelevant because in a motion to dismiss, the Court is limited generally to the allegations of the Complaint. FRE §§ 410, 402; *Tunnell*, 14 F.3d at 453. Exhibit 3 is also irrelevant because it is offered in support of defendant's contention that he was permitted to "invest" in items such as jewelry. The issue in this litigation, however, is not whether defendant was permitted to make certain purchases. The issue is whether such purchases were disclosed to investors prior to their investments in the fund and whether these purchases are reflected in the investors' account statements. |
| | **Exhibit 4:** Chart of the Dow Jones Industrial Average | Exhibit 4 is irrelevant because in a motion to dismiss, the Court is limited generally to the allegations of the Complaint. FRE §§ 410, 402; *Tunnell*, 14 F.3d at 453 (9th Cir. 1994). Exhibit 4 is also irrelevant because it is offered in support of defendant's contention that investors were not harmed by his fraud. The Commission is not required to prove harm or damages. *Rana Research, Inc.*, 8 F.3d at 1363, fn. 4; *Rind*, 991 F.2d 1496 at 1490; *Capital Gains Research Bureau, Inc.*, 375 U.S. at 195 (the SEC need not prove injury in an action to enjoin violation |

| | of Section 206 of the Advisers Act). |
|---|---|

## II.   OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

In addition to the evidentiary objections set forth above, the Commission also asks the Court to deny part of Defendant Alexander James Trabulse's Request For Judicial Notice In Support Of His Motion To Dismiss (the "Request"). Specifically, the Commission requests that the Court deny the Request as to: (1) Fahey Fund (Limited) Partnership Agreement, dated January 2002, and (2) Newspaper article by Kathleen Pender, *Net Worth: Hedge Funds Need a Careful Look*, S.F. Chronicle, September 27, 2007, at C1.

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of facts not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. § 201(b).

With respect to the Fahey Fund (Limited) Partnership Agreement, dated January 2002 (the "January 2002 Agreement"), there is a dispute about the authenticity of this document.[1] As part of the Commission's investigation into this matter (before it filed its Complaint), it sent administrative subpoenae to several investors in the Fahey Fund. *See* Declaration of Erin E. Schneider in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss. In response those subpoenae, some investors produced partnership agreements for the Fahey Fund. *Id.* None of the partnership agreements produced by those investors state that the Fahey Fund may invest capital in "other businesses" or that the Fund's mission will be to invest in "any other investment of a unique long-term character." *Id.* Accordingly, there is nothing in the January 2002 Agreement that is "generally known" within the Court's territorial jurisdiction. Similarly, there is nothing in the document that is

---

[1] According to the defendant, this partnership agreement states that "'capital may be invested in other businesses' and that the Fund's mission will be to invest in 'publicly listed opportunities, natural resources, **and any other investment of a unique long-term character**[.]'" Def's Mot. to Dismiss, p. 9 (emphasis in original).

1  capable of accurate and ready determination by resort to sources whose accuracy cannot be
2  reasonably be questioned.  Consequently, the January 2002 Agreement fails to satisfy the
3  requirements of Federal Rule of Evidence 201(b) and defendant's request for judicial notice should
4  be denied.

5      As for the article by Ms. Pender, there is nothing in the article meets the criteria of Federal
6  Rule of Evidence 201(b).  There is nothing in the article that is "generally known" within the Court's
7  territorial jurisdiction.  In addition, the defendant appears to offer the document to show that no
8  investor was harmed.  Although the Commission need not plead nor prove investor harm, the
9  commission disputes the contention that investors were not harmed.  Moreover, any harm, or
10 purported lack thereof, is not capable of accurate and ready determination by resort to sources whose
11 accuracy cannot be reasonably be questioned.

12 **III.     CONCLUSION**

13     For the foregoing reasons, the Commission requests that the Court sustain its objections to
14 Exhibits 1, 2 and 3 to the Declaration of Clement S. Roberts in Support of the Motion to Dismiss and
15 deny the defendant's request for judicial notice of Exhibits 1, 2 and 4 in support of the Motion to
16 Dismiss.  The Commission also asks that the Court disregard all exhibits submitted by the defendant
17 and all of defendant's arguments based on those exhibits.

18

19 Dated:  November 15, 2007            Respectfully submitted,

20

21            /s/ Mark P. Fickes
    Mark P. Fickes
22     Erin E. Schneider
    Attorneys for Plaintiff
23     SECURITIES AND EXCHANGE COMMISSION

24

25

26

27

28