KEKER & VAN NEST, LLP
MICHAEL D. CELIO - #197998
CLEMENT S. ROBERTS - #209203
JO F. WEINGARTEN - #246224
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:   (415) 391-5400
Facsimile:     (415) 397-7188
Email:  mcelio@kvn.com
            croberts@kvn.com
            jweingarten@kvn.com

Attorneys for Defendants
ALEXANDER JAMES TRABULSE,
FAHEY FUND, L.P., FAHEY FINANCIAL
GROUP, INC., INTERNATIONAL TRADE
& DATA, and ITD TRADING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER JAMES TRABULSE,<br><br>Defendant,<br><br>and<br><br>FAHEY FUND, L.P., FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, and ITD TRADING,<br><br>Relief Defendants. | Case No. C-07-4975 WHA<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE, AND REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date:    December 6, 2007<br>Time:   8:00 a.m.<br>Dept.   Courtroom 9, 19th Floor<br>Judge:  Hon. William Alsup<br><br>Date Action Filed:    September 26, 2007 |

406826.01

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE, AND
REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. C-07-4975 WHA

In response the SEC's Objections to Defendant's Evidence and Opposition to Defendant's Request for Judicial Notice ("Objections"), the defendants offer the following responses to the objections and reply in support of the request for judicial notice.

**I.    RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE**

The SEC states that it objects to Exhibits 1, 2, and 3 of the Declaration of Clement S. Roberts ("Roberts Decl."). In fact, the SEC lists objections to all four of the exhibits attached to the Roberts Decl., and the defendants offer the following responses to the objections:

| EVIDENCE | OBJECTION | RESPONSE |
| --- | --- | --- |
| **Exhibit 1:** Fahey Fund (Limited) Partnership Agreement, dated January 2002. | Exhibit 1 is hearsay and there is no foundation that the document qualifies for an exception. Federal Rules of Evidence ("FRE") §§ 801, 802, 803(6).<br><br>In addition, Exhibit 1 has not been authenticated. FRE § 901(a). | The specific version of the Partnership Agreement attached to the Declaration of Clement S. Roberts was relied upon by the SEC in opposition to the motion to dismiss. *See* Opp. at 16 ("Section 6.06 of the Partnership Agreement Trabulse attached to his motion states . . . ."). The SEC cannot simultaneously rely on the document and claim that it is inadmissible hearsay or inauthentic.<br><br>This specific version of the Partnership Agreement also was the subject of correspondence between the parties, during which the SEC made no challenge to authenticity.<br><br>The Partnership Agreement was specifically cited in the Complaint. *See* Complt. at ¶¶ 22, 33 ("Trabulse misappropriated fund assets by spending more than he was entitled to under the terms of the fund's limited partnership agreement[];" "[t]he limited partnership agreement for Fahey Fund, L.P. gave Trabulse complete and exclusive control of the fund in all respects."). But there is no discussion of different versions in the Complaint. |

1

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE, AND REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. C-07-4975 WHA

406826.01

| | | |
|---|---|---|
| | | The SEC's alleged basis for challenging authenticity rests on a logical fallacy. The SEC claims to doubt authenticity because this version of the Agreement was not produced by an unidentified number of third-party respondents to the SEC's subpoena. But nothing about the fact that those third-parties did not keep this document in their files casts doubt on the document's authenticity.<br><br>Finally, the challenged document was produced from the Fund's files in response to an SEC subpoena calling for this specific document. |
| **Exhibit 2:** Newspaper article by Kathleen Pender, *Net Worth: Hedge Funds Need a Careful Look*, S.F. Chronicle, September 27, 2007, at C1. | Exhibit 2 is hearsay and there is no foundation that the document qualifies for an exception. FRE §§ 801, 802, 803.<br><br>In addition, Exhibit 2 has not been authenticated. FRE § 901(a).<br><br>Exhibit 2 is irrelevant because in a motion to dismiss, the Court is limited generally to the allegations of the Complaint. FRE §§ 410, 402; *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (In ruling on a motion to dismiss, a district court generally "may not consider any material beyond the pleadings.").<br><br>Exhibit 2 is also irrelevant because it is offered in support of defendant's contention that investors were not harmed by his fraud. The Commission is not required to prove harm or damages. *SEC v. Rana Research, Inc.*, 8 F.3d 1358, 1363, fn. 4 (9th Cir. 1993); *SEC v. Rind*, 991 F.2d 1496, 1490 (9th Cir. 1993) (injury it not an element of an SEC claim for disgorgement of profits under rule 10b-5); *SEC v.* | The newspaper article is a public record, qualifying for an exception from the hearsay rule. *See* Fed. R. Evid. 803(8).<br><br>Counsel's statement in the newspaper article is an admission by a party-opponent, and is, therefore, non-hearsay. *See* Fed. R. Evid. 801(d)(2).<br><br>The newspaper article is self-authenticating. *See* Fed. R. Evid. 902(6) (specifically listing newspapers and periodicals as self-authenticating).<br><br>The newspaper article is also relevant because the SEC's statements to the public conflict with its representations to the Court. *See* Opp. at 1 n.1.<br><br>Finally, the SEC's argument that the article is irrelevant merely because the SEC is not required to prove harm misses the point. A fact may be relevant without being an element of a claim. *See* Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or |

2

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE, AND
REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. C-07-4975 WHA

406826.01

| | | | |
|---|---|---|---|
| | | *Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 195 (1963) (the SEC need not prove injury in an action to enjoin violation of Section 206 of the Advisers Act). | less probable than it would be without the evidence."). |
| | **Exhibit 3:** Letter from Michael Celio to Erin Schneider. | Exhibit 3 is hearsay and there is no foundation that the document qualifies for an exception. FRE §§ 801, 802, 803.<br><br>Exhibit 3 is irrelevant because in a motion to dismiss, the Court is limited generally to the allegations of the Complaint. FRE §§ 410, 402; *Tunnell*, 14 F.3d at 453.<br><br>Exhibit 3 is also irrelevant because it is offered in support of defendant's contention that he was permitted to "invest" in items such as jewelry. The issue in this litigation, however, is not whether defendant was permitted to make certain purchases. The issue is whether such purchases were disclosed to investors prior to their investments in the fund and whether these purchases are reflected in the investors' account statements. | The letter from Michael Celio to Erin Schneider, attached as Exhibit 3 to the Declaration of Clement S. Roberts, is not hearsay, because it is not offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). It is offered, instead, to show notice of the document to the SEC and the SEC's failure to read the documents produced in response to its subpoena.<br><br>The letter is relevant because it bears directly upon the allegations of the complaint. The SEC claims that the defendants' investments were unauthorized, despite having access to the document that clearly shows that the investments were proper under the Partnership Agreement. *See* Motion at 10. n.10.<br><br>Finally, while the SEC argues here that "[t]he issue in this litigation, however, is ***not*** whether defendant was permitted to make certain purchases," the SEC argued exactly the opposite position throughout its Complaint. *See, e.g.,* Complt. ¶ 22 ("Trabulse used Fahey Fund bank accounts to pay for a wide variety of personal, and unauthorized, expenses."). |
| | **Exhibit 4:** Chart of the Dow Jones Industrial Average returns. | Exhibit 4 is irrelevant because in a motion to dismiss, the Court is limited generally to the allegations of the Complaint. FRE §§ 410, 402; *Tunnell*, 14 F.3d at 453 (9th Cir. 1994).<br><br>Exhibit 4 is also irrelevant because it is offered in support of defendant's contention that investors were not harmed by | Under Rule 201, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts noticed are not "subject to reasonable dispute." *Lee*, 250 F.3d at 689 (citation omitted); Fed. R. Evid. 201.<br><br>The Dow Jones Industrial |

3

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE, AND
REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. C-07-4975 WHA

406826.01

| | | |
|---|---|---|
| | his fraud.  The Commission is not required to prove harm or damages. *Rana Research, Inc.*, 8 F.3d at 1363, fn. 4; *Rind*, 991 F.2d 1496 at 1490; *Capital Gains Research Bureau, Inc.*, 375 U.S. at 195 (the SEC need not prove injury in an action to enjoin violation of Section 206 of the Advisers Act). | Average annual returns for the period from 2000 to 2006 are a matter of public record and are not subject to reasonable dispute. These facts and documents are, therefore, suitable for judicial notice.  *See SEC v. Bilzerian*, 814 F. Supp. 116, 123, n.19 (D.D.C. 1993), aff'd, 29 F.3d 689 (1994) (taking judicial notice of common stock closing prices); *Trevino v. U.S.*, 804 F.2d 1512 (9th Cir. 1986) (taking judicial notice of economic trends and inflation rates).<br><br>Further, the Dow Jones chart is relevant because the undisputed facts therein are used in the defendants' motion to show that the SEC's inferences are unreasonable.  *See* Motion at 11-12.  The Court need not accept unreasonable inferences on a motion to dismiss.  *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *SEC v. Yuen,* 221 F.R.D. 631, 634 (C.D. Cal. 2004). |

## II.     REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

Without citing any law or making any cogent arguments, the SEC opposes the defendants' request that the Court take judicial notice of the Fahey Fund (Limited) Partnership Agreement, dated January 2002, and the newspaper article by Kathleen Pender, *Net Worth: Hedge Funds Need a Careful Look*, S.F. Chron., Sept. 27, 2007 at C1.[1]  The Court should reject these objections and grant the defendants' request.

While the Court cannot consider matters outside the pleadings on a motion to dismiss under Rule 12(b)(6), there are "two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  The first of these exceptions is that a court "may

---

[1] The SEC states that it opposes defendants' Request for Judicial Notice of Exhibits 1, 2, and 4 but then only argues against the first two of the exhibits.  *See* Objections at 2.  Nonetheless, the defendants will also address the propriety of granting judicial notice regarding Exhibit 4.

4

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE, AND
REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. C-07-4975 WHA

406826.01

1  consider 'material which is properly submitted as part of the complaint'" or, if "the documents
2  are not physically attached to the complaint, they may be considered if the documents'
3  'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Id.*
4  (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994); *Parrino v. FHP, Inc.*, 146 F.3d
5  699, 705-06 (9th Cir. 1998)). Second, under Rule 201, a court may take judicial notice of
6  "matters of public record." *Id.* at 689 (citing *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279,
7  1282 (9th Cir. 1986)).

8      The SEC contends that the Partnership Agreement should not be granted judicial notice
9  because the SEC disputes the authenticity of the document. *See* Objections at 4. Specifically,
10 the SEC complains that, in response to their subpoena, "some investors produced partnership
11 agreements for the Fahey Fund," and none of those agreements were the January 2002
12 Agreement. Objections at 4. But that assertion, even if true, does not provide a factual basis to
13 doubt the authenticity of the document—it means only that "some investors" only had earlier
14 versions of the Agreement in their files. It says nothing about whether *this* version is what it
15 purports to be.

16     Perhaps more importantly, the SEC itself relies upon this version of the Partnership
17 Agreement in its Opposition to the Motion to Dismiss. *See* Opp. at 16:4-8. The SEC cannot
18 both rely upon the document and, simultaneously, challenge its authenticity. *See id.* at 16 n.10.
19 The challenged document was produced to the SEC pursuant to a subpoena calling specifically
20 for this document. And this precise document was discussed in the parties' correspondence,
21 without the SEC ever raising a challenge to its authenticity. The SEC has, therefore, no factual
22 basis to dispute the document's authenticity and is raising the challenge purely for strategic
23 reasons.

24     It is axiomatic that under Rule 201, documents whose contents are alleged in a complaint
25 but which are not physically attached to the pleading, may be considered in ruling on a Rule
26 12(b)(6) motion to dismiss. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled*
27 *on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also*
28 *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (holding that

5
DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE, AND
REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. C-07-4975 WHA

406826.01

1   documents attached to the complaint and incorporated therein by reference are treated as part of
2   the complaint for purposes of Rule 12(b)(6).); *In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d
3   833, 837-38 (N.D. Cal. 2000) ("Thus, the court may consider the full text of a document the
4   complaint quotes only in part."). On this basis, the Court may take judicial notice of the Fahey
5   Fund (Limited) Partnership Agreement explicitly referenced in the Complaint. *See* Complt.
6   ¶¶ 22, 33 ("Trabulse misappropriated fund assets by spending more than he was entitled to *under*
7   *the terms of the fund's limited partnership agreement*[]"; "The *limited partnership agreement for*
8   *Fahey Fund, L.P.* gave Trabulse complete and exclusive control of the fund in all respects.")
9   (emphasis added).

10   Second, the SEC half-heartedly argues that "there is nothing in the article [that] meets the
11   criteria of Federal Rule of Evidence 201(b)." Objections at 5. The SEC fails to explain what
12   those criteria are or how the contents of the article fail to meet said criteria, nor does the SEC
13   refer to any legal authority in making this argument. Indeed, the Court has "discretion to take
14   judicial notice under Rule 201 of the existence and content of published articles." *U.S. v. W.R.*
15   *Grace*, ___ F.3d ___, 2007 WL 2728767, at *17 (9th Cir. Sept. 20, 2007) (citing *Bell Atlantic*
16   *Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1973 n.13 (2007); *U.S. v. Rutgard*, 116 F.3d
17   1270, 1278 (9th Cir. 1997)). And, because the newspaper article from the *San Francisco*
18   *Chronicle* is a matter of public record, it is suitable for judicial notice. *See Ritter v. Hughes*
19   *Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (taking judicial notice of a newspaper article).

20   Finally, while the SEC fails to present any arguments regarding the fourth exhibit
21   attached to the Roberts Decl., the SEC does state that it opposes the defendants' request for
22   judicial notice of this exhibit. *See* Objections at 2, 5. Exhibit 4 is the chart of the Dow Jones
23   Industrial Average's returns. Under Federal Rule of Evidence 201, "[a] court may take judicial
24   notice of 'matters of public record' without converting a motion to dismiss into a motion for
25   summary judgment," as long as the facts noticed are not "subject to reasonable dispute." *Lee v.*
26   *City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted). The Dow Jones Industrial
27   Average annual returns for the period from 2000 to 2006 are a matter of public record and are
28   not subject to reasonable dispute. The chart is, therefore, suitable for judicial notice. *See SEC v.*

1  *Bilzerian*, 814 F. Supp. 116, 123, n. 19 (D.D.C. 1993), *aff'd*, 29 F.3d 689 (1994) (taking judicial
2  notice of common stock closing prices); *Trevino v. U.S.*, 804 F.2d 1512 (9th Cir. 1986) (taking
3  judicial notice of economic trends and inflation rates).  Having failed to offer any argument
4  against taking judicial notice of the chart, the SEC's cursory opposition to this exhibit should be
5  ignored.
6      Accordingly, based on the arguments above, the Court should reject the SEC's arguments
7  and should grant the defendants' request for judicial notice.

8

9  Dated:  November 21, 2007                                  KEKER & VAN NEST, LLP

10

11
                                                    By:    */s/ Jo Weingarten*
12                                                         JO F. WEINGARTEN
                                                           Attorneys for Defendants
13                                                         ALEXANDER JAMES TRABULSE,
                                                           FAHEY FUND, L.P., FAHEY
14                                                         FINANCIAL GROUP, INC.,
                                                           INTERNATIONAL TRADE & DATA,
15                                                         and ITD TRADING

16

17

18

19

20

21

22

23

24

25

26

27

28

406826.01

7
DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE, AND
REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. C-07-4975 WHA