MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal. Bar No. 178570)
 (fickesm@sec.gov)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
 (schneidere@sec.gov)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>     vs.<br><br>ALEXANDER JAMES TRABULSE,<br><br>            Defendant,<br><br>     and<br><br>FAHEY FUND, L.P., FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, and ITD TRADING,<br><br>            Relief Defendants. | Case No. C 07-4975 (WHA)<br><br>STIPULATION AND [PROPOSED] ORDER APPOINTING MONITOR |

Whereas Plaintiff Securities and Exchange Commission ("Commission") filed a complaint against defendant Alexander James Trabulse ("Trabulse" or "Defendant") and Relief Defendants Fahey Fund, L.P., Fahey Financial Group, Inc., International Trade & Data, and ITD Trading (collectively, the "Relief Defendants");

1  Whereas the Commission, Trabulse and the Relief Defendants stipulated to certain injunctive
2 relief on October 18, 2007;
3  Whereas the Court adopted as its order the stipulation of the parties on October 29, 2007;
4  Whereas, the Court held a hearing on the Commission's motion for additional injunctive and
5 other ancillary relief on December 6, 2007;
6  Whereas the Court granted the Commission's motion for additional injunctive and other
7 ancillary relief, including appointment of a monitor; and
8  Whereas the Court issued its order on December 7, 2007 (the "December 7 Order"), and
9 directed the parties to submit, either jointly or individually, a proposed candidate to serve as monitor;
10  Therefore, the Commission, Trabulse and the Relief Defendants stipulate and agree to, and
11 ask the Court to adopt as its order, the following:

## I.

13  IT IS ORDERED that Michael A. Grassmueck be appointed to serve as an independent
14 monitor ("Monitor") and has standing to appear in this action with the powers set forth herein.  The
15 Monitor will focus on protecting the interests of the persons who have invested in or purchased
16 securities from and/or loaned money to the Defendant or Relief Defendants, and any subsidiaries and
17 affiliated funds (collectively, the "Investors").  Documents evidencing Mr. Grassmueck's
18 qualifications to serve as Monitor are attached hereto as Exhibit A.

## II.

20  IT IS FURTHER ORDERED that the Monitor is empowered to oversee the activities of the
21 Defendant and Relief Defendant as set forth in the December 7 Order.

## III.

23  IT IS FURTHER ORDERED that, if by the date set forth in the Court's order of December
24 10, 1007, that Defendant and Relief Defendants are not providing the accounting called for in the
25 December 7 Order, the Monitor shall prepare an accounting.  In such circumstance, the Monitor will
26 promptly notify the Court and the Commission to obtain guidance as to the scope of the accounting
27 and the amount of time that may be required to prepare this accounting.
28

IV.

IT IS FURTHER ORDERED that the Monitor and his professionals shall receive reasonable compensation and expense reimbursements in amounts commiserate with the services performed by the Monitor and his professionals. The rates charged by the Monitor and his professionals are set forth in Exhibit A, attached hereto. Counsel for all parties will review and approve payment for the Monitor. In the event of any dispute, the Monitor may apply to the Court for such compensation and expense reimbursement each month and such amounts shall be immediately paid from the bank accounts of the Defendant or Relief Defendants upon presentation of an Order approving such fees from this Court.

V.

IT IS FURTHER ORDERED that the Monitor shall not be responsible for the operation of Defendant's or Relief Defendants' businesses, any of the funds or the preservation or sale of any assets. The Monitor shall have all of the immunities afforded to a Court appointed receiver in a federal action. The Monitor and all persons who may be engaged or employed by the Monitor to assist him in carrying out his duties or obligations hereunder shall not be liable for any act or omission of the Monitor or such person, respectively, or any of their partners, employees, agents or attorneys, unless it shall be proven that the Monitor or such other person acted recklessly or in bad faith. In particular, the Monitor shall not, under any circumstances, be liable for any losses in connection with any of the Relief Defendants' funds or the loss of Investors' Funds arising out of or related to the Monitor's work hereunder, including, but not limited to, losses from either the sale or failure to sell securities or delays in the sale of securities by Defendant or Relief Defendants during the course of the Monitor's term. No claim may be filed against the Monitor without first obtaining Court approval to file such an action.

VI.

IT IS FURTHER ORDERED that all prior orders of the Court concerning injunctive or other ancillary relief are by reference as though set forth in full herein.

## VII.

Defendant and Relief Defendants expressly agree to indemnify and hold harmless the Monitor and his retained professionals, accountants, agents, employees, consultants and attorneys from and against all actions, liabilities, damages, losses, costs and expenses including but not limited to reasonable attorneys' fees and professional fees arising out of work for the Monitor under the terms of this Order.

## VIII.

The Commission or the Monitor may, in their discretion, petition the Court to modify this Order.  The Commission shall have the right to petition the Court for immediate relief if the Commission deems that any of the Defendant's or Relief Defendants' ongoing activities are contrary to the best interest of Investors; such relief may include appointment of Mr. Grassmueck as receiver or distribution agent in the event that the Commission, Defendant and Relief Defendants reach a settlement in this action.

## IX.

The parties stipulate and agree that any statements, documents or other information provided by Trabulse or the Relief Defendants in compliance with this stipulation and proposed order will constitute, and neither the Commission nor the Monitor will not argue to the contrary, a waiver, in whole or in part, of Trabulse's rights and privileges under the Fifth Amendment of the U.S. Constitution.  Notwithstanding the foregoing, this stipulation is without prejudice to the United States Attorney arguing a waiver of the privileges under the Fifth Amendment, as Commission cannot bind the United States Attorney or any other governmental agency.

///

///

///

IT IS SO STIPULATED:

Dated: December 14, 2007       /s/ Mark P. Fickes
                               Mark P. Fickes
                               Erin E. Schneider
                               Attorneys for Plaintiff
                               SECURITIES AND EXCHANGE COMMISSION

Dated: December 14, 2007       /s/ Michael D. Celio
                               Michael D. Celio
                               Clement S. Roberts
                               Attorneys for Defendant ALEXANDER JAMES
                               TRABULSE, and Relief Defendants FAHEY FUND,
                               L.P., FAHEY FINANCIAL GROUP, INC.,
                               INTERNATIONAL TRADE & DATA, AND ITD
                               TRADING

The Court, having considered this proposed stipulation and order, adopts as its order the provisions of paragraphs I through IX, above.

IT IS SO ORDERED

Dated: _____, 2007

_____
William H. Alsup
UNITED STATES DISTRICT JUDGE