KEKER & VAN NEST, LLP
MICHAEL D. CELIO - #197998
CLEMENT S. ROBERTS - #209203
JO W. GOLUB - #246224
710 Sansome Street
San Francisco, CA 94111-1704
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188
Email: mcelio@kvn.com
       croberts@kvn.com
       jweingarten@kvn.com

Attorneys for Defendants
ALEXANDER JAMES TRABULSE,
FAHEY FUND, L.P., FAHEY FINANCIAL
GROUP, INC., INTERNATIONAL TRADE
& DATA, and ITD TRADING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>    v.<br><br>ALEXANDER JAMES TRABULSE<br><br>                              Defendants,<br><br>    and<br><br>FAHEY FUND, L.P., FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, and ITD TRADING,<br><br>                              Relief Defendants. | Case No. C 07-4975 WHA<br><br>**ANSWER OF DEFENDANTS ALEXANDER JAMES TRABULSE, FAHEY FUND, L.P., FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, and ITD TRADING AND DEMAND FOR JURY TRIAL** |

Defendants, by and through their counsel of record, hereby answer or otherwise respond to the Securities and Exchange Commission's ("SEC") Complaint as follows. As to any allegation not specifically admitted, Defendants deny the allegation.

Answering the numbered paragraphs of the Complaint:

## I.     SUMMARY OF THE ACTION[1]

1. Defendants deny the allegations in paragraph 1.

2. Defendants deny the allegations in paragraph 2.

3. Defendants deny the allegations in paragraph 3.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

4. The allegations of Paragraph 4 state a legal conclusion to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegation on the grounds that they are without sufficient information to form a belief as to the truth or falsity thereof.

5. The allegations of Paragraph 5 state a legal conclusion to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegation on the grounds that they are without sufficient information to form a belief as to the truth or falsity thereof.

6. The allegations of Paragraph 5 state a legal conclusion to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegation.

## DEFENDANT

7. Defendants admit the allegations in Paragraph 7.

## RELIEF DEFENDANTS

8. Defendants admit that the Fahey Fund is a California Limited Partnership, that Trabulse is the Fund's General Partner, and that he is responsible for making all investment decisions on behalf of the Fund. Except as expressly admitted herein, the allegations in

---

[1] The headings in this document are taken from the headings in the Complaint, and are provided for ease of reference only. They are not intended as an admission of any kind; to the contrary, to the extent that they contain allegations requiring a response, they are expressly denied.

Paragraph 8 are otherwise denied.

9. Defendants admit that the Fahey Financial Group is a Nevada Corporation and that Trabulse is responsible for making all investment decisions on behalf of the Fahey Financial Group. Except as expressly admitted herein, the allegations in Paragraph 9 are otherwise denied..

10. Defendants deny the allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11.

## **FACTUAL ALLEGATIONS**

12. Defendants deny the allegations in paragraph 12.

13. Defendants admit that the Fund's investors typically received account statements at the end of each quarter. Except as expressly admitted herein, the allegations in Paragraph 13 are otherwise denied.

14. Defendants deny the allegations in paragraph 14.

15. Defendants deny the allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants admit allegations in Paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35

36. Defendants admit allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

## FIRST CLAIM FOR RELIEF

**(Violations of Section 17(a) of the Securities Act)**

38. Defendants incorporate by reference their responses to paragraphs 1 to 37 as though set forth here in full.

39. The allegations of Paragraph 39 state a legal conclusion to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

40. The allegations of Paragraph 40 state a legal conclusion to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder)**

41. Defendants incorporate by reference their responses to paragraphs 1 to 37 as though set forth here in full.

42. The allegations of Paragraph 42 state a legal conclusion to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

43. The allegations of Paragraph 43 state a legal conclusion to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

## THIRD CLAIM FOR RELIEF

**(Violations of Section 206(1) and 206(2) of the Advisers Act)**

44. Defendants incorporate by reference their responses to paragraphs 1 to 37 as though set forth here in full.

45. The allegations of Paragraph 45 state a legal conclusion to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

46. The allegations of Paragraph 46 state a legal conclusion to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

## FOURTH CLAIM FOR RELIEF

**(Violations of Section 5(a) and 5(c) of the Securities Act)**

47. Defendants incorporate by reference their responses to paragraphs 1 to 37 as though set forth here in full.

48. The allegations of Paragraph 48 state a legal conclusion to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

49. The allegations of Paragraph 49 state a legal conclusion to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses. To the extent any of the defenses, in whole or in part, serve merely to negate an element of the plaintiff's cause of action, defendants in no way seeks to relieve the plaintiff of its burden of proof or persuasion on that element.

**First Affirmative Defense:**

As a first affirmative defense, Defendants assert that Plaintiff's claim for injunctive relief is barred because there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any violation will be repeated.

**Second Affirmative Defense:**

As a second affirmative defense, Defendants assert that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## PRAYER

WHEREFORE, Defendants pray that judgment in their favor be entered as follows:

1. that the Plaintiff take nothing by reason of its complaint and that judgment be rendered in favor of Defendants;

1       2.      that Defendants be awarded expenses incurred in defense of this action, and

2       3.      that Defendants be granted such other and further relief as the court deems

3   appropriate.

4

5                                   **JURY DEMAND**

6       Defendants request a trial by jury on all aspects of this case so triable.

7                                           Respectfully submitted,

8   Dated:  December  20, 2007.                KEKER & VAN NEST, LLP

9

10

11                                  By:  /s/ Michael D. Celio _____
                                         MICHAEL D. CELIO
12                                       CLEMENT S. ROBERTS
                                         JO W. GOLUB
13                                       Attorneys for Defendants
                                         ALEXANDER JAMES TRABULSE,
14                                       FAHEY FUND, L.P., FAHEY
                                         FINANCIAL GROUP, INC.,
15                                       INTERNATIONAL TRADE & DATA,
                                         and ITD TRADING

16

17

18

19

20

21

22

23

24

25

26

27

28