MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal. Bar No. 178570)
  (fickesm@sec.gov)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  (schneidere@sec.gov)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>ALEXANDER JAMES TRABULSE,<br><br>    Defendant,<br><br>    and<br><br>FAHEY FUND, L.P., FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, and ITD TRADING,<br><br>    Relief Defendants. | Case No. C 07-4975 (WHA)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  January 10, 2008<br>Time:  11:00 a.m.<br>Location:  Courtroom 9, 19th Floor<br>             Hon. William Alsup |

Pursuant to the Northern District's March 1, 2007 Standing Order, the Clerk's Notice Scheduling Case Management Conference on Reassignment Order dated October 12, 2007 (Docket No. 8), and the Court's April 9, 2007 Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup (Docket No. 9), plaintiff Securities and Exchange Commission (the "Commission") defendant Alexander James Trabulse,  and relief

1  defendants Fahey Fund, Fahey Financial Group, International Trade and Data, and ITD Trading
2  ("Defendants") submit this Joint Case Management Statement.
3        The Parties wish to inform the Court that they have reached a tentative settlement of the case,
4  but that the settlement has not yet been reduced to writing or approved by the Commission. If
5  approved by the Commission, the settlement will be presented to the Court in the form of a consent to
6  entry of judgment and a proposed final judgment.

**1.    JURISDICTION AND SERVICE**

      This is a civil enforcement action brought by the Commission alleging fraud and the sale of unregistered securities, in violation of the federal securities laws. The Commission brings this action pursuant to Sections 20(b) and 20(d) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77t(d)], Sections 21(d) and 21(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d) and 78u(e)], and Sections 209 and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-9 and 80b-14].

      This Court has jurisdiction over this action pursuant to Sections 20(d)(1) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(d)(1) and 77v(a)], Sections 21(d)(3), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d)(3), 78u(e), and 78aa], and Sections 209 and 214 of the Advisers Act [15 U.S.C. §§ 80b-9 and 80b-14]. The Commission alleges that Trabulse, directly or indirectly, has made use of the means and instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the acts, practices and courses of business alleged in this complaint.

      Venue in this district is proper pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Section 27 of the Exchange Act [15 U.S.C. § 78aa], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14] because Trabulse resides in, and a substantial portion of the conduct alleged in this complaint occurred within, the Northern District of California.

      There are no issues regarding personal jurisdiction or venue, and there are no other parties to be served.

**2. FACTS**

    **A. Plaintiff's Description of the Case**

The Commission generally alleges that from at least 1998 through the present, Trabulse has been defrauding investors by falsifying investor account statements to make his hedge fund look more profitable than it actually is. He used materially false and misleading account statements to solicit new investments and convince existing investors to put additional money into his fund. While Trabulse described his fund to investors as a hedge fund that invested in financial instruments like stocks, derivatives, and foreign currency, he in fact diverted a significant portion of investor money to purchase real estate, jewelry and rugs. The Commission alleges that he hid these illiquid purchases from investors. Finally, the Commission alleges that Trabulse also treated fund assets as if they were his own, thereby misappropriating fund assets.

    **B. Defendants' Description of the Case**

Defendants deny the SEC's allegations, but note that they have agreed to a tentative settlement of the case.

    **C. Principal Facts in Dispute**

The principal issues of fact in dispute will likely be whether the account statements sent to investors were materially false and misleading, whether the account statements omitted material information, and whether Trabulse misappropriated fund assets.

**3. LEGAL ISSUES**

The parties do not dispute the elements of the alleged violations. As a general matter, however, the parties anticipate a dispute over whether Trabulse has the requisite scienter to establish liability for fraud and whether the misstatements and omissions alleged in the complaint are material within the meaning of the federal securities laws. These are essentially mixed questions of law and fact.

**4. MOTIONS**

The Commission filed a motion for a preliminary injunction and the defense filed a motion to dismiss. Both motions were heard on December 6, 2007. On December 7, the Court issued its orders

denying Trabulse's motion to dismiss and granting the Commission's motion for a preliminary injunction.

**5.    AMENDMENT OF PLEADINGS**

The parties do not expect to add or dismiss any parties, claims or defenses.

**6.    EVIDENCE PRESERVATION**

The parties are aware of their ethical obligations to preserve evidence as well as the Court's order (Docket No. 9).

**7.    DISCLOSURES**

The parties will make their initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure on January 4, 2008.

**8.    DISCOVERY**

At the December 6 hearing on the Commission's motion for a preliminary injunction, the Court granted the Commission's request for early discovery. Since then, Trabulse has been providing the Commission with information without the need for formal discovery requests. Likewise, the Commission anticipates providing Trabulse with information informally, if requested.

The parties have met and conferred and propose the following discovery schedule:

- Last day for fact discovery: September 5, 2008
- Last day to identify opening expert witnesses: September 19, 2008
- Last day to identify rebuttal expert witnesses: October 10, 2008
- Last day to complete expert discovery: October 31, 2008

**9.    CLASS ACTIONS**

The parties are unaware of any class actions relevant to this matter.

**10.    RELATED CASES**

The parties are unaware of any cases that are related to this matter under Local Rule 3-12.

**11.    RELIEF**

The Commission seeks the following relief:

a.    <u>Injunctive Relief</u>:  An injunction against Trabulse from directly or indirectly violating Sections 5(a), 5(c) and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)], Section

1    10(b) of the Exchange Act [15U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5],

2    and Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and (2)];

3          b.  <u>Disgorgement</u>:  An order directing Trabulse to disgorge unlawful profits.  The amount of

4    disgorgement may require detailed factual analysis and expert opinion.

5          d.  <u>Penalties</u>:  An order imposing civil monetary penalties on Trabulse, pursuant to Section

6    20(d)(1) of the Securities Act [15 U.S.C. § 77t(d)(1)], Section 21A of the Exchange Act [15 U.S.C. §

7    78u-1], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

8    **12.  SETTLEMENT AND ADR**

9        The parties have met and conferred regarding an ADR plan and filed a Stipulation and

10   Proposed Order Selecting ADR Process (Docket No. 61).  The parties request that the Court refer this

11   case for Early Neutral Evaluation ("ENE") pursuant to ADR Local Rule 5.  Specifically, if the parties

12   are unable to reach a settlement on their own by March 10, 2008, we request that the ENE conference

13   take place no later than April 21, 2008.

14   **13.  CONSENT TO MAGISTRATE JUDGE**

15       Trabulse does not consent to proceed before a magistrate judge.

16   **14.  OTHER REFERENCES**

17       The Commission and Trabulse do not believe this case is suitable for binding arbitration.

18   However, as noted above, the parties recommend that this case be referred for an ENE conference if

19   they are unable to reach a settlement agreement on their own by March 10, 2008.

20   **15.  NARROWING OF ISSUES**

21       As a result of the Court's decision to grant the Commission's motion, the issues have been

22   significantly narrowed.

23   **16.  EXPEDITED SCHEDULE**

24       Although the Court granted the Commission's request for expedited discovery, due to the

25   accounting complexities involved, this case is not suitable for expedited scheduling.

26   **17.  SCHEDULING**

27       • Last day for fact discovery: September 5, 2008

28       • Last day to identify opening expert witnesses: September 19, 2008

1       • Last day to identify rebuttal expert witnesses: October 10, 2008

2       • Last day to complete expert discovery: October 31, 2008

3       • Last day to file dispositive motions: November 20, 2008

4       • Trial: February 11, 2009

**18.   TRIAL**

Trabulse requests trial by jury.  The parties estimate the entire trial will take approximately 5 days.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Local Rule 3-16(a), the Commission is not required to file a Certificate of Interested Entities or Persons.  Defendants filed a Certificate Interested Entities or Persons on December 20, 2007 (Docket No. 64).

**20.   OTHER MATTERS**

None.

DATED:   December 21, 2007          Respectfully Submitted,


/s/ Mark P. Fickes
Mark P. Fickes
Erin E. Schneider
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

/s/ Mark P. Fickes
Michael Celio
Clement Roberts
Attorneys for Defendant
JAMES ALEXANDER TRABULSE