MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal. Bar No. 178570)
 (fickesm@sec.gov)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
 (schneidere@sec.gov)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER JAMES TRABULSE,<br><br>Defendant,<br><br>and<br><br>FAHEY FUND, L.P., FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, and ITD TRADING,<br><br>Relief Defendants. | Case No. C 07-4975 (WHA)<br><br>JOINT RESPONSE TO MONITOR'S REPORT AND STIPULATION AND [PROPOSED] ORDER IMPLEMENTING RECOMMENDATIONS |

**I. JOINT RESPONSE TO MONITOR'S REPORT**

The parties have each received and reviewed the Monitor's report. The parties have met and conferred and, pursuant to the Court's order of February 6, 2008 respond as follows:

First, the parties wish to inform the Court that they have met and conferred and resolved the disagreements cited in the report about the scope of the Monitor's duties.

Second, the parties wish to inform the Court that they have reduced their settlement to writing. Defendants have agreed to the terms set forth therein, and the Staff responsible for litigating this action anticipates recommending that the Securities and Exchange Commission ("Commission") approve the settlement. The parties anticipate that the Commission will either accept, seek to modify, or reject the settlement within the next 90 days.

Third, the settlement contemplates the closure and liquidation of the Fahey Fund, and the distribution of the Fahey Fund's assets to investors on a *pro rata* basis. As a result, many of the Monitor's recommendations are consistent with what the parties believe is necessary to effectuate the terms of the settlement. A small number of the Monitor's recommendations have been mooted by the settlement. For example, because the Fund's assets will be sold and the proceeds distributed to the investors, it is not necessary to spend further energies obtaining estimates of the market value of the Fund's assets. The parties agree, however, that the monitor should perform further work as set forth in the stipulation that follows.

The parties therefore ask to the Court to enter their stipulation to aid in the final resolution of this matter.

**II. STIPULATION AND PROPOSED ORDER**

Whereas Plaintiff Securities and Exchange Commission ("Commission"), defendant Alexander James Trabulse ("Trabulse" or "Defendant") and Relief Defendants Fahey Fund, L.P., Fahey Financial Group, Inc., International Trade & Data, and ITD Trading (collectively, the "Relief Defendants;" together with the Commission, the "Parties") previously stipulated that Michael A. Grassmueck be appointed to serve as an independent monitor ("Monitor") in this action ;

Whereas on January 31, 2008 the Monitor prepared a report with certain recommendations;

1  Whereas, the parties have reached a tentative settlement in this action, but that has not yet
2  been approved by the Commission;
3  Whereas, the parties have met and conferred about those recommendations and believe that
4  many of those recommendations are appropriate and will aid in the settlement of this action;
5  Therefore, the Parties stipulate and agree to the following:

I.

7  The Monitor shall prepare a full accounting as provided for by the Court's Orders dated
8  December 7, 2007, December 10, 2007 and December 17, 2007. As a clarification of the Court's
9  prior orders, the accounting report shall include, but not be limited to an analysis as to the amounts
10 invested in the Fahey Funds and the amounts distributed to investors, Trabulse and third parties. The
11 Monitor is authorized by this Order to obtain records from each financial institution and brokerage
12 holding records for the Fahey Funds, or any of them, and Trabulse without further order of the Court.
13 The Parties anticipate that all assets of Relief Defendants will be liquidated as part of the settlement
14 of this action and the funds distributed to the investors. Because the value of those investments will
15 be certain at the time of sale, it is not necessary to perform further analysis on the value of the Fund's
16 assets. The Parties agree, however, that it would be appropriate for the Monitor to take steps to
17 ensure that all assets of the Relief Defendants have been identified.

II.

19 Within 20 days of the entry of this stipulation and order, Trabulse agrees to produce to the
20 Monitor all personal financial records, including check registers for his personal accounts bank and
21 brokerage accounts for the period 2001 through 2007 to the extent that they have not already been
22 produced. Trabulse further agrees to provide to the Monitor all documents in his possession, custody
23 or control, that concern his real and personal property assets (to the extent those documents have not
24 already been produced to the SEC or to the Monitor). Trabulse further agrees to provide to the
25 Monitor a list of all his real and personal property assets worth more than $3,000 and identify the
26 location of such assets. In addition, Trabulse shall provide a list of all assets purchased for his ex-
27 wife, relatives and friends for the period 2001-2007, where the purchase price was more than $1,000.

III.

The Parties further agree that the Defendant and Relief Defendants will use their best efforts to obtain the maximum value in connection with the sale of any assets. At least ten (10) days in advance of the sale of any asset, the Defendant will provide the Monitor with all information that the Monitor deems necessary to confirm that the maximum value has been obtained for any assets sold, including but not limited to, sales procedures, the identity of the buyer or prospective buyers and information that is reasonably designed to confirm that each sale is an arms length bona fide sale for value. The Parties therefore stipulate that the Monitor should gather and analyze whatever information is necessary to effectuate the provisions of this paragraph.

IV.

The parties further stipulate that it would be appropriate for the Monitor to determine which of the Fahey Funds' assets should be insured and obtain insurance for such assets. In addition, to preserve the value of certain assets, the Monitor will identify which assets should be moved to secure locations and arrange to store such assets at a facility that meets with the Monitor's approval. The cost associated with the work will be paid from the accounts of the Fahey Funds.

V.

The parties further stipulate that the Monitor should investigate the real estate transactions listed on page 16, lines 25-27 of the Monitor's report.

VI.

The parties further stipulate that Trabulse and the Relief Defendants will not encumber any real or personal property assets owned by the Relief Defendants. The Monitor may file and record this Court's orders in counties where real and personal property assets of Trabulse and the Relief Defendants may be located pursuant to 11 U.S.C. § 754 or take other steps to provide notice of the terms of this stipulation and order. To the extent that properties are located overseas, the Monitor may take any steps he deems appropriate to secure those properties from further encumbrance or loss as well.

VII.

The parties further stipulate that the Monitor should establish and conduct a claims review process whereby investors are notified and requested to provide verifiable information as to the amounts invested and distributions that they received.

VIII.

The parties stipulate and agree that any statements, documents or other information provided by Trabulse or the Relief Defendants in compliance with this stipulation and proposed order will constitute, and neither the Commission nor the Monitor will not argue to the contrary, a waiver, in whole or in part, of Trabulse's rights and privileges under the Fifth Amendment of the U.S. Constitution.  Notwithstanding the foregoing, this stipulation is without prejudice to the United States Attorney arguing a waiver of the privileges under the Fifth Amendment, as Commission cannot bind the United States Attorney or any other governmental agency.

IX.

The Stipulation and Order Appointing Monitor filed December 17, 2007, the Order Concerning Injunctive Relief dated October 29, 2007, and the Preliminary Injunction and Other Ancillary Relief Order dated December 12, 2007 are incorporated herein by this reference.

IT IS SO STIPULATED:

Dated:  February 13, 2008          /s/  Mark P. Fickes
                                   Mark P. Fickes
                                   Erin E. Schneider
                                   Attorneys for Plaintiff
                                   SECURITIES AND EXCHANGE COMMISSION


Dated:  February 13, 2008          /s/ Michael D. Celio
                                   Michael D. Celio
                                   Clement S. Roberts
                                   Attorneys for Defendant ALEXANDER JAMES
                                   TRABULSE, and Relief Defendants FAHEY FUND,
                                   L.P., FAHEY FINANCIAL GROUP, INC.,
                                   INTERNATIONAL TRADE & DATA, AND ITD
                                   TRADING

The Court, having considered this proposed stipulation and order, adopts as its order the provisions of paragraphs I through IX, above.

IT IS SO ORDERED

Dated: __February 13__, 2008

_____
William H. Alsup
UNITED STATES DISTRICT JUDGE