MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal. Bar No. 178570)
 (fickesm@sec.gov)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
 (schneidere@sec.gov)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER JAMES TRABULSE,<br><br>Defendant,<br><br>and<br><br>FAHEY FUND, L.P., FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, and ITD TRADING,<br><br>Relief Defendants. | Case No. C 07-4975 WHA<br><br>DEFENDANT ALEXANDER JAMES TRABULSE'S AND RELIEF DEFENDANTS FAHEY FUND L.P.'S, FAHEY FINANCIAL GROUP, INC.'S, INTERNATIONAL TRADE & DATA'S AND ITD TRADING'S CONSENT TO FINAL JUDGMENT |

**CONSENT OF DEFENDANT ALEXANDER JAMES TRABULSE AND RELIEF DEFENDANTS FAHEY FUND, L.P, FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, AND ITD TRADING**

1.  Defendant Alexander James Trabulse ("Defendant" or "Trabulse") and Relief Defendants Fahey Fund, L.P., Fahey Financial Group, Inc., International Trade & Data, and ITD Trading (collectively, "Relief Defendants") acknowledge having been served with the Securities and

Exchange Commission's (the "Commission") complaint in this action, have made general appearances, and admit the Court's jurisdiction over them and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant and Relief Defendants admit), Defendant and Relief Defendants hereby consent to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Trabulse from violation of Sections 5(a), 5(c) and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and (2)];

    (b) orders Defendant to pay disgorgement in the amount of $1;

    (c) orders Defendant and Relief Defendants to liquidate certain assets as set forth in Paragraph 5, below; and

    (d) orders Trabulse to pay a civil penalty in the amount of $250,000 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21A of the Exchange Act [15 U.S.C. § 78u-1], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

3. Defendant acknowledges that the civil penalty and disgorgement paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days

after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant and Relief Defendants agree that all assets held in the name of or for the benefit of Relief Defendants, and/or held in the name of or for the benefit of investors in the Relief Defendants will be liquidated (the "Liquidated Proceeds") and will be distributed to the investors in the Relief Defendants on a *pro rata* basis, pursuant to the equitable powers of the Court, and under the supervision of and with the assistance of the Monitor. The amount of the Liquidated Proceeds and the *pro rata* distribution to investors will be determined by further order of the Court, subject to the provisions of Paragraphs 6 and 7, below, when all assets have been liquidated, and therefore have a fixed monetary value.

6. The Monitor will calculate the amount of the Liquidated Proceeds and the *pro rata* distribution to investors as described in Paragraph 5, above, and will present the calculation to the Court for its approval. If the Monitor is satisfied that the Defendant made a good faith effort to obtain the maximum value for the Fund's assets (as set forth in Paragraph 8, below) the Liquidated

Proceeds shall be the amount received from the liquidation of the funds and assets described in Paragraph 5, above, less any money to which the Monitor in entitled as compensation for his work in this litigation, as referenced pursuant to the Court's order of December 17, 2007 appointing the Monitor. Nothing in this paragraph or in Paragraph 7, below, requires that further proceedings be held, and Defendant agrees to work with the Commission in good faith to reach agreement with the Commission and the Monitor as to the amount of the Liquidated Proceeds without the need for further proceedings. The Defendant further agrees that the Monitor and the Commission have sole authority, subject to the Court's approval, for the determination and payment of the *pro rata* distribution to investors of the Liquidated Proceeds. Upon completion of the *pro rata* distribution to investors of the Liquidated Proceeds, the Monitor will report to the parties and the Court that the distribution has been completed.

7. Notwithstanding the provisions of Paragraph 6, above, if any party disagrees with the Monitor's calculation of the Liquidated Proceeds, or if the parties are unable to reach agreement concerning the Liquidated Proceeds, any party may seek further proceedings before the Court. Defendant further agrees that in connection with any further proceedings or hearings to determine the Liquidated Proceeds: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Final Judgment; (c) solely for the purposes of any such proceedings or hearings, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the exact amount of the Liquidated Proceeds on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the any proceedings to determine the Liquidated Proceeds, the parties may take discovery, including discovery from appropriate non-parties. The parties agree that the Paragraph 5 of this consent describes the sole manner in which the Liquidated Proceeds will be calculated.

8. Defendant agrees that that he will not accept from any source any compensation, salary, commission or wages that are in any way connected to or related to the sale of any assets pursuant to Paragraph 5, above.

9. Defendant agrees that he will use his best efforts to obtain the maximum value in connection with the sale of any assets pursuant to Paragraph 5, above. Defendant further agrees that, in advance of the sale of any asset, he will provide the Monitor appointed by the Court in this matter with all information that the Monitor deems necessary to permit the Monitor to confirm that the maximum value has been obtained for the assets sold pursuant to Paragraph 5, above.

10. Defendant and Relief Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

11. Defendant and Relief Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

12. Defendant and Relief Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

13. Defendant and Relief Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

14. Defendant and Relief Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

15. Defendant and Relief Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant and Relief Defendants of its terms and conditions. Defendant and Relief Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant and Relief Defendants have received and read a copy of the Final Judgment.

16. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant and Relief Defendants in this civil proceeding. Defendant and Relief Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability

1 | expenses, or costs expended by Defendant and/or Relief Defendants to defend against this action.
2 | For these purposes, Defendant and Relief Defendants agree that Defendant and/or Relief Defendants
3 | are not the prevailing parties in this action since the parties have reached a good faith settlement.

19. Defendant and Relief Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

20. Defendant and Relief Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 31- Mar- 2008

_____
Alexander James Trabulse

On __31 Mars__, 2008, Alexander James Trabulse, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Me CHAUVEAU
Notary Public
Commission expires:

Dated: 31- Mar- 2008

Fahey Fund, L.P.

By: _____
Alexander James Trabulse
General Partner
268 Bush Street, Suite 4232
San Francisco, CA

On __31 Mars__, 2008, Alexander James Trabulse, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Fahey Fund, L.P. as its General Partner.

Me CHAUVEAU
Notary Public
Commission expires:

///
///

that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant and Relief Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

17. Defendant and Relief Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant and Relief Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant and Relief Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant and/or Relief Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's and/or Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

18. Defendant and Relief Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

1  ///

2  Dated: 3# - Mar 2008          Fahey Financial Group, Inc.

3
4                                By: _____
                                 Alexander James Trabulse
5                                President and Chief Executive Officer
                                 268 Bush Street, Suite 4232
6                                San Francisco, CA 94104

7     On  31 Mars    , 2008, Alexander James Trabulse, a person known to me, personally
   appeared before me and acknowledged executing the foregoing Consent with full authority to do so
8  on behalf of Fahey Financial Group, L.P. as its President and Chief Executive Officer.

9                                _____
                                 Notary Public
10                               Commission expires:

11

12 Dated: 3# - Mar 2008          International Trade & Data

13                               By: _____
                                 Alexander James Trabulse
14                               Partner
                                 747 Lewelling Blvd., Suite 40
15                               San Leandro, CA 94579

16

17    On  31 Mars    , 2008, Alexander James Trabulse, a person known to me, personally
   appeared before me and acknowledged executing the foregoing Consent with full authority to do so
18 on behalf of International Trade & Data as its Partner.

19                               _____
                                 Notary Public
20                               Commission expires:

21
22
23
24
25

26 ///

27 ///

28

1  ///

2

3  Dated: 30 Mar 2008                           ITD Trading

4                                               By: _____
5                                               Alexander James Trabulse
                                                First General Partner
6                                               747 Lewelling Blvd., Suite 40
                                                San Leandro, CA 94579
7

8       On 31 Mars_____, 2008, Alexander James Trabulse, a person known to me, personally
   appeared before me and acknowledged executing the foregoing Consent with full authority to do so
9  on behalf of ITD Trading as its First General Partner.

10                                              Me CHAUVEAU
                                                _____
                                                Notary Public
11                                              Commission expires

12

13

   Approved as to form:
14

15  /s/ W. Gilub for
    _____
16  Michael D. Celio
    Keker & Van Nest LLP
17  710 Sansome Street
    San Francisco, CA 94111
18  Attorney for Defendant Alexander James Trabulse
    and Relief Defendants Fahey Fund, L.P.,
19  Fahey Financial Group, Inc., International Trade & Data,
    and ITD Trading

20

21

22

23

24

25

26

27

28