1  MARC J. FAGEL (Cal. Bar No. 154425)
   MARK P. FICKES (Cal. Bar No. 178570)
2    (fickesm@sec.gov)
   ERIN E. SCHNEIDER (Cal. Bar No. 216114)
3    (schneidere@sec.gov)

4  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
5  44 Montgomery Street, Suite 2600
   San Francisco, California  94104
6  Telephone:  (415) 705-2500
   Facsimile:  (415) 705-2501

7

8

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14  SECURITIES AND EXCHANGE COMMISSION,        Case No. C 07-4975 WHA

15                    Plaintiff,

16          vs.                                 [PROPOSED] FINAL JUDGMENT AS TO
                                                DEFENDANT ALEXANDER JAMES
                                                TRABULSE AND RELIEF DEFENDANTS
17  ALEXANDER JAMES TRABULSE,                   FAHEY FUND L.P. FAHEY FINANCIAL
                                                GROUP, INC., INTERNATIONAL TRADE
18                    Defendant,                & DATA AND ITD TRADING

19          and

20  FAHEY FUND, L.P., FAHEY FINANCIAL
    GROUP, INC., INTERNATIONAL TRADE &
21  DATA, and ITD TRADING,

22                    Relief Defendants.

23

24      **[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT ALEXANDER JAMES
      TRABULSE AND RELIEF DEFENDANTS FAHEY FUND, L.P, FAHEY FINANICAL
25       GROUP, INC., INTERNATIONAL TRADE & DATA, AND ITD TRADING**

26      The Securities and Exchange Commission having filed a Complaint and Defendant Alexander

27  James Trabulse ("Defendant") and Relief Defendants Fahey Fund, L.P., Fahey Financial Group, Inc.,

28  International Trade & Data, and ITD Trading (collectively, "Relief Defendants") having entered a

1    general appearance; consented to the Court's jurisdiction over Defendant and Relief Defendants and

2    the subject matter of this action; consented to entry of this Final Judgment without admitting or

3    denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and

4    conclusions of law; and waived any right to appeal from this Final Judgment:

5                                              I.

6         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

7    agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with

8    them who receive actual notice of this Final Judgment by personal service or otherwise are

9    permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

10   Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

11   promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

12   commerce, or of the mails, or of any facility of any national securities exchange, in connection with

13   the purchase or sale of any security:

14        (a)    to employ any device, scheme, or artifice to defraud;

15        (b)    to make any untrue statement of a material fact or to omit to state a material fact

16               necessary in order to make the statements made, in the light of the circumstances

17               under which they were made, not misleading; or

18        (c)    to engage in any act, practice, or course of business which operates or would

19               operate as a fraud or deceit upon any person.

20                                             II.

21        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

22   Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or

23   participation with them who receive actual notice of this Final Judgment by personal service or

24   otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act

25   of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of

26   any means or instruments of transportation or communication in interstate commerce or by use of the

27   mails, directly or indirectly:

28        (a)    to employ any device, scheme, or artifice to defraud;

1    (b)    to obtain money or property by means of any untrue statement of a material fact    or

2    any omission of a material fact necessary in order to make the statements   made, in light of

3    the circumstances under which they were made, not misleading;    or

4    (c)    to engage in any transaction, practice, or course of business which operates or

5    would operate as a fraud or deceit upon the purchaser.

6                                                III.

7        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

8    Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or

9    participation with them who receive actual notice of this Final Judgment by personal service or

10   otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15

11   U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

12   (a)    Unless a registration statement is in effect as to a security, making use of any means or

13   instruments of transportation or communication in interstate commerce or of the mails

14   to sell such security through the use or medium of any prospectus or otherwise;

15   (b)    Unless a registration statement is in effect as to a security, carrying or causing to be

16   carried through the mails or in interstate commerce, by any means or instruments of

17   transportation, any such security for the purpose of sale or for delivery after sale; or

18   (c)    Making use of any means or instruments of transportation or communication in

19   interstate commerce or of the mails to offer to sell or offer to buy through the use or

20   medium of any prospectus or otherwise any security, unless a registration statement

21   has been filed with the Commission as to such security, or while the registration

22   statement is the subject of a refusal order or stop order or (prior to the effective date of

23   the registration statement) any public proceeding or examination under Section 8 of

24   the Securities Act [15 U.S.C. § 77h].

25                                               IV.

26       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

27   Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or

28   participation with them who receive actual notice of this Final Judgment by personal service or

1    otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the

2    Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)] by the use of any

3    means or instruments of transportation or communication in interstate commerce or by use of the

4    mails, directly or indirectly:

5        (a)      employing any device, scheme, or artifice to defraud any client or prospective client;

6        (b)      engaging in any transaction, practice or course of business which operates as a fraud

7                 or deceit upon any client or prospective client.

8    V.

9        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

10   Relief Defendants will liquidate all assets held in the name of or for the benefit of Relief Defendants,

11   and/or held in the name of or for the benefit of investors in the Relief Defendants (the "Liquidated

12   Proceeds"). The liquidation shall be completed no later than 120 days after entry of the Court's

13   judgment or as soon thereafter as reasonably practicable. The Liquidated Proceeds will subsequently

14   be distributed to the investors in the Relief Defendants on a *pro rata* basis, pursuant to the equitable

15   powers of the Court, and under the supervision of and with the assistance of the Monitor. The exact

16   amount of the Liquidated Proceeds and the *pro rata* distribution to investors will be determined by

17   further order of the Court when all assets have been liquidated, and therefore have a fixed monetary

18   value, and after the Monitor has received the compensation to which he is entitled for his work in this

19   litigation, as referenced pursuant to the Court's order of December 17, 2007 appointing the Monitor.

20   Upon completion of the *pro rata* distribution to investors of the Liquidated Proceeds, the Monitor

21   will report to the parties and the Court that the distribution has been completed.

22       In addition, the Defendant will use his best efforts to obtain the maximum value in connection

23   with the sale of any assets pursuant the Court's judgment. In advance of the sale of any asset, the

24   Defendant will provide the Monitor appointed by the Court in this matter with all information that the

25   Monitor deems necessary to confirm that the maximum value has been obtained for any assets sold

26   pursuant to the Court's judgment. The funds obtained pursuant to this paragraph shall be made to the

27   Clerk of this Court, together with a cover letter identifying Alexander James Trabulse as a defendant

28   in this action; setting forth the title and civil action number of this action and the name of this Court;

1    and specifying that payment is made pursuant to this Final Judgment.  Defendant shall

2    simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in

3    this action.  Defendant relinquishes all legal and equitable right, title, and interest in such payments,

4    and no part of the funds shall be returned to Defendant.  The Clerk shall deposit the funds into an

5    interest bearing account with the Court Registry Investment System ("CRIS") or any other type of

6    interest bearing account that is utilized by the Court.  These funds, together with any interest and

7    income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until

8    further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the

9    Director of the Administrative Office of the United States Courts, the Clerk is directed, without

10   further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to

11   ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the

12   Judicial Conference of the United States.  The Commission may propose by motion a plan to

13   distribute the Fund subject to the Court's approval.  Defendant shall pay post-judgment interest on

14   any delinquent amounts pursuant to 28 USC § 1961.

15                                              VI.

16          IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant will

17   not accept from any source any compensation, salary, commission or wages that are in any way

18   connected to or related to the sale of any assets pursuant to the Court's judgment.

19                                             VII.

20          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for

21   disgorgement of $1 as a result of the conduct alleged in the Complaint, and a civil penalty in the

22   amount of $250,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21A

23   of the Exchange Act [15 U.S.C. § 78u-1], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-

24   9(e)].  Defendant shall satisfy this obligation by paying $250,001 within twenty (20) business days to

25   the Clerk of this Court, together with a cover letter identifying Trabulse as a defendant in this action;

26   setting forth the title and civil action number of this action and the name of this Court; and specifying

27   that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit

28   photocopies of such payment and letter to the Commission's counsel in this action.  By making this

1  payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no

2  part of the funds shall be returned to Defendant.

3      The Clerk shall deposit the funds into an interest bearing account with the Court Registry

4  Investment System ("CRIS") or any other type of interest bearing account that is utilized by the

5  Court.  These funds, (collectively, the "Fund"), shall be held in the interest bearing account until

6  further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the

7  Director of the Administrative Office of the United States Courts, the Clerk is directed, without

8  further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to

9  ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the

10  Judicial Conference of the United States.

11      The Commission may enforce the Court's judgment for disgorgement and a civil penalty by

12  moving for civil contempt (and/or through other collection procedures authorized by law) at any time

13  after twenty days following entry of this Final Judgment.  In response to any such civil contempt

14  motion by the Commission, the defendant may assert any legally permissible defense.

15      The Commission may by motion propose a plan to distribute the Fund subject to the Court's

16  approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

17  provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such

18  Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this

19  Judgment shall be treated as penalties paid to the government for all purposes, including all tax

20  purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or

21  reduction of any award of compensatory damages in any Related Investor Action based on

22  Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further

23  benefit by, offset or reduction of such compensatory damages award by the amount of any part of

24  Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related

25  Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final

26  order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount

27  of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.

28  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the

amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2008

_____
William H. Alsup
UNITED STATES DISTRICT JUDGE