1  DAVID R. ZARO (BAR NO. 124334)
   YALE K. KIM (BAR NO. 188895)
2  ALLEN MATKINS LECK GAMBLE
      MALLORY & NATSIS LLP
3  515 South Figueroa Street, Ninth Floor
   Los Angeles, California 90071-3309
4  Phone: (213) 622-5555
   Fax: (213) 620-8816
5  Email: dzaro@allenmatkins.com
           ykim@allenmatkins.com
6
   Attorneys for Michael A. Grassmueck, Monitor
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO

11  SECURITIES AND EXCHANGE          | Case No. C 07-4975 (WHA)
    COMMISSION,                      |
12                                   | MOTION TO APPROVE CLAIMS
              Plaintiff,             | PROCEDURES AND FOR ORDER
13                                   | ESTABLISHING CLAIMS BAR DATE AND
         vs.                         | MEMORANDUM OF POINTS AND
14                                   | AUTHORITIES [EXHIBITS "A"-"C"]
    ALEXANDER JAMES TRABULSE,        |
15                                   | [Notice of Motion, Declaration of Michael A.
              Defendant.             | Grassmueck, and Proposed Order Approving
16                                   | Claims Procedures, Filed Concurrently
         and                         | Herewith]
17                                   |
    FAHEY FUND, L.P., FAHEY FINANCIAL| Date:  October 16, 2008
18  GROUP, INC., INTERNATIONAL TRADE &| Time:  8:00 a.m.
    DATA, and ITD TRADING,           | Place: Courtroom 9, 19th Floor
19                                   |        United States District Court
              Relief Defendants.     |        Northern District of California-
20                                   |        San Francisco Division
                                     |        450 Golden Gate Avenue
21                                   |        San Francisco, CA 94102
22
23
24
25
26
27
28

I.

INTRODUCTION

On December 17, 2007, the Court entered the Order Appointing Monitor And Other Ancillary Relief ("Monitor Order"), which authorized the appointment of Michael A. Grassmueck, as corporate monitor (the "Monitor") with regard to the Fahey Fund, L.P.; Fahey Financial Group, Inc.; International Trade & Data; and ITD Trading (collectively, the "Relief Defendants") and Alexander James Trabulse ("Trabulse"). Pursuant to the Monitor Order, the Monitor was empowered and directed to, among other things, conduct such investigation as would be necessary to locate and account for the Relief Defendants' assets, and review the overall operation of the Relief Defendants in accordance with the Monitor Order.

On February 13, 2008, the Court entered an Order implementing certain recommendations of the Monitor, and which also incorporated the terms of the Monitor Order (the "Modified Order"). The Modified Order authorized the Monitor to, among other things, undertake the review and analysis of claims, and determine the allowance of claims, through a claims review process, and assist in the sale and liquidation of assets.

In connection with his duties under the Modified Order, and based on the timing of this case and the existence of funds available for distribution to investors and creditors, the Monitor has determined that it is appropriate to commence the claims review and analysis process. The first step in the process is to obtain Court approval of the following: (i) the procedure to be used by the Monitor for the solicitation, review and allowance of claims, (ii) a date certain (the "Bar Date") by which the Monitor must receive proofs of claim of any type against any of the Relief Defendants, and (iii) the form and manner of notice of the Bar Date to be sent to investors and creditors, (collectively, the "Claims Procedures").

By this Motion, the Monitor seeks approval of the Claims Procedures as further described below, and as authorized under the Modified Order.

II.

FACTS

A.    The SEC Action

On September 26, 2007, the Securities and Exchange Commission ("SEC") commenced an action (the "SEC Action") against the Relief Defendants and Trabulse in this Court, for violations of various federal securities laws.  Following the commencement of the SEC Action, Trabulse and the Relief Defendants sought dismissal of the SEC Action, and the SEC sought issuance of a preliminary injunction and other ancillary relief against Trabulse and the Relief Defendants.  On December 7, 2007, the Court granted the SEC's request for a preliminary injunction and other ancillary relief, and denied Trabulse's and the Relief Defendants' request for dismissal (the "Injunction Order").

B.    The Monitor Order

Following entry of the Injunction Order, Trabulse and the Relief Defendants entered into a Stipulation for Appointment of Corporate Monitor, which was filed in the SEC Action on December 14, 2007.  On December 17, 2007, the Court entered an Order approving the Stipulation, which authorized the appointment of the Monitor and other ancillary relief ("Monitor Order").  Pursuant to the Monitor Order, the Monitor was empowered and directed to, among other things, conduct such investigation as would be necessary to locate and account for the Relief Defendants' assets, and review the overall operation of the Relief Defendants in accordance with the Monitor Order.

C.    The Modified Order

On February 13, 2008, the Court entered an Order implementing certain recommendations of the Monitor, and which also incorporated the terms of the Monitor Order (the "Modified Order").  The Modified Order authorized the Monitor to, among other things, undertake the review and analysis of claims, and determine the allowance of claims, through a claims review process, and assist in the sale and liquidation of assets.

1   D.    Final Judgment

2       On April 7, 2008, a final judgment was entered (the "Judgment") as to Trabulse and the

3   Relief Defendants.

4   E.    The Further Modification to Monitor Order

5       Further, on or about August 7, 2008, an Order was entered which further modified the

6   Modified Order, and incorporated the terms of the Monitor Order and Modified Order.  The

7   further Modified Order authorized the Monitor to, among other things, (i) establish certain bank

8   accounts for the purpose of receiving and holding certain proceeds from the sale of assets, (ii)

9   require the turnover of such sale proceeds to the Monitor for deposit in such accounts, and (iii)

10  authorize the Monitor to use funds from such accounts to pay expenses associated with

11  preservation and maintenance of the assets.

12  F.    The Claims Procedures

13      In connection with his duties under the Modified Order, and based on the timing of this

14  case and the existence of funds available for distribution to investors and creditors, the Monitor

15  has determined that it is appropriate to commence the claims review and analysis process.  The

16  first step in the process is to obtain Court approval of the Claims Procedures, as described below.

17                              III.

18              PROPOSED CLAIMS PROCEDURES

19      Based on his experience the Monitor is keenly aware of the need for a fair, efficient and

20  transparent claims process.  This begins with proper notice.

21      As set forth more fully in Section IV below, the Monitor proposes that once the Court has

22  approved the form and content of the Notice of Bar Date For Submitting Any and All Claims (the

23  "Notice of Bar Date") (attached as Exhibit "A"), the Monitor shall mail the Notice of Bar Date

24  along with an approved proof of claim form to all known and suspected interested parties, and will

25  publish notice in appropriate newspapers of general readership.

26      The establishment of a claims Bar Date is necessary in order to provide certainty and

27  finality to the claims process and to allow for the timely wind-down of the corporate monitorship.

28  The Monitor proposes that the Bar Date be set ninety-five (95) days from the date of mailing of

1   the Notice of Bar Date, thereby providing sufficient notice to all investors and creditors to file

2   their claims.

3        As claims are received, the Monitor will review claims to determine their validity and seek

4   to verify the claims against the available records and the information supplied by each claimant.

5   As noted in the form of notice, each claimant is to provide cancelled checks, wire transfer

6   confirmations or similar evidence of their investment.

7        Once the Bar Date has passed and the Monitor has reviewed the claims, the Monitor will

8   bring an omnibus motion to address anticipated objections to all claims (e.g., claimants commonly

9   seek interest, lost opportunity costs, unsubstantiated amounts and fees).  As part of this omnibus

10  motion, the Monitor will seek the allowance of claims, rejection of claims and disbursal of

11  proceeds.  All claimants will receive notice of the omnibus motion or motions with information

12  about how the Monitor proposes his or her claim be treated, so that a claimant whose claim is

13  rejected can file an opposition to the motion if the claimant wishes to be heard.

14                                           IV.

15                          CLAIMS BAR DATE NOTICE

16       It is the Monitor's intent to provide investors and creditors ninety (90) days to file a proof

17  of claim from the date of receipt of the Notice of Bar Date.  The Monitor believes that setting the

18  Bar Date ninety-five (95) days from the date of mailing (i.e., 90 days plus 5 days for mailing) will

19  ensure that investors and creditors will have sufficient notice within which to file their claims.

20       A copy of the proposed Notice to Creditors of the Claims Bar Date, the Form of Notice for

21  Publication (collectively the "Notices"), and the Proof of Claim form are attached hereto as

22  Exhibits "A", "B" and "C", respectively.  The Notices and Proof of Claim form provide clear

23  notice and instructions to investors and creditors concerning the claims process.

24       The Monitor will mail the Notices and Proof of Claim form to all known investors and

25  creditors.  The Monitor has worked diligently to develop the broadest possible list of investors and

26  creditors using the Relief Defendants' records as well as the information developed by the SEC.

27  Of course, all of the forms will be available on the Monitor's website.

28

1    The Monitor will also publish notice of the Bar Date in the *Wall Street Journal* (or similar

2   publication), *The San Francisco Chronicle*, and on the Monitor's website in a form similar to the

3   Form of Notice for Publication attached hereto as Exhibit "B".  The Monitor believes that these

4   efforts will ensure the broadest possible notice to potential claimants.

5                                                    V.

6                          EFFECT OF FAILURE TO FILE PROOF OF CLAIM

7    Any party who is required to file a proof of claim and otherwise fails to do so by the Bar

8   Date: (i) should not, with respect to any such claim, be treated as a creditor or claimant of the

9   Relief Defendants; (ii) should be forever barred, estopped and enjoined from (a) filing a proof of

10  claim at a later date with respect to such claim; (b) asserting any claim against the Relief

11  Defendants or the Monitor; (c) participating in any distribution in this case on account of such

12  claim, and (iii) the Monitor and the Relief Defendants should be discharged forever from any and

13  all indebtedness or liability in respect of such claim.  This aspect of the requested order is essential

14  to ensure finality and to allow for the efficient, timely wind-down of this corporate monitorship.

15                                                   VI.

16                                             CONCLUSION

17    Based on the foregoing, the Monitor requests that this Court grant the Motion, issue an

18  order approving the Claims Procedures, and for such other relief as the Court deems just and

19  necessary.

20  Dated:  September 9, 2008                ALLEN MATKINS LECK GAMBLE
21                                           MALLORY & NATSIS LLP
                                             DAVID R. ZARO
22                                           YALE K. KIM

23                                           By: _____
24                                                Yale K. Kim
                                                  Attorneys for Michael A. Grassmueck,
25                                                Monitor

26

27

28

**EXHIBIT A**

1  DAVID R. ZARO (BAR NO. 124334)
   YALE K. KIM (BAR NO. 188895)
2  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
3  515 South Figueroa Street, Ninth Floor
   Los Angeles, California 90071-3309
4  Phone: (213) 622-5555
   Fax: (213) 620-8816
5  Email: dzaro@allenmatkins.com
          ykim@allenmatkins.com
6
   Attorneys for Michael A. Grassmueck, Monitor
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO

11  SECURITIES AND EXCHANGE            Case No. C 07-4975 (WHA)
    COMMISSION,
12                                     NOTICE OF BAR DATE FOR SUBMITTING
               Plaintiff,              ANY AND ALL CLAIMS
13
          vs.                          DEADLINE FOR FILING CLAIMS [DATE]
14
    ALEXANDER JAMES TRABULSE,
15
               Defendant.
16
          and
17
    FAHEY FUND, L.P., FAHEY FINANCIAL
18  GROUP, INC., INTERNATIONAL TRADE &
    DATA, and ITD TRADING,
19
               Relief Defendants.
20

21

22

23

24

25

26

27

28

1    PLEASE TAKE NOTICE that the United States District Court for the Northern District

2  of California, San Francisco Division, ("District Court") has entered its order establishing a

3  deadline of [DATE], by which proofs of claim must be received by the Court appointed

4  monitor, Michael A. Grassmueck, ("Monitor") by all persons or entities that hold or assert that

5  they have or hold a claim against or interest in Fahey Fund, L.P.; Fahey Financial Group, Inc.;

6  International Trade & Data; and ITD Trading (collectively, the "Relief Defendants").

7    Pursuant to the orders of the District Court, the Monitor has been charged with holding

8  the proceeds from the collection and liquidation of assets of the Relief Defendants and money

9  received from Trabulse.  As a result, and in accordance with the consent of the Securities and

10  Exchange Commission and the District Court, there will be a distribution made to claimants.

11  Only those individuals and entities who hold claims allowed by the District Court will be

12  eligible to receive distributions from the Monitor.

13    All persons or entities asserting a claim against or right to distribution from any of the

14  Relief Defendants or otherwise wish to pursue relief related to a claim against the Relief

15  Defendants based upon, among other things, an investment with or in any of the Relief

16  Defendants, must do so by filing a Proof of Claim as provided herein and the Proof of Claim

17  form distributed by the Monitor.  Accordingly, if you fall within any of the following

18  categories, your Proof of Claim must be received by the Monitor before [DATE] at 5:00 p.m.

19  PST:

20    •    If you were an investor with, through or in any of the Relief Defendants or claim

21  that you made an investment with any of the Relief Defendants with or through any person or

22  entity during the period 1997 through the present;

23    •    If you assert an interest with or in any of the Relief Defendants or any of its

24  assets;

25    •    If you assert a claim against any of the Relief Defendants or any entity under its

26  control based on primary, secondary, direct, indirect, secured, unsecured, or contingent

27  liabilities;

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

804062.02/LA

-2-

NOTICE OF BAR DATE

Exhibit A – Page 8

1    •    If you assert a claim of any sort against any of the Relief Defendants or any

2    entity under its control whether such claim is based upon contract, tort, contribution, indemnity,

3    reimbursement, subrogation theories or other legal or equitable theory; or

4    •    If you assert a claim against any other person or entity arising out of or based

5    upon (a) any investment in any of the Relief Defendants or any investment made with or

6    through any of the Relief Defendants; (b) any interest in any of the Relief Defendants or any of

7    its assets or any claim against any of the Relief Defendants or any entity under its control based

8    on primary, secondary, direct, indirect, secured, unsecured, or contingent liabilities; or (c) any

9    claim of any sort against any of the Relief Defendants or any entity under its control whether

10    such claim is based upon contract, tort, contribution, indemnity, reimbursement, subrogation

11    theories or other legal or equitable theory.

12    **THIS BAR DATE NOTICE APPLIES TO (1) EVERY CLAIM AGAINST THE
RELIEF DEFENDANTS OR ANY ENTITY UNDER THE RELIEF DEFENDANTS'**

13    **CONTROL AND (2) EVERY CLAIM AGAINST ANY OTHER PERSON OR ENTITY
ARISING OUT OF OR RELATED TO ANY CLAIM AGAINST THE RELIEF**

14    **DEFENDANTS OR ANY ENTITY UNDER THE RELIEF DEFENDANTS' CONTROL.**

15    **DISTRIBUTIONS WILL BE MADE ONLY TO PERSONS OR ENTITIES WHO HAVE
SUBMITTED CLAIMS WHICH ARE ALLOWED BY THE DISTRICT COURT.**

16

17    When you submit a Proof of Claim form in this case, you consent to the jurisdiction of

18    the District Court for all purposes, including a determination on a summary basis, among other

19    things, as to the validity and amount of your claim.  In submitting a Proof of Claim, you agree

20    to be bound by the actions of the District Court even if that means that your claim is limited or

21    denied entirely.  By submitting a Proof of Claim, you further agree that your participation in

22    any distribution from the Monitor may exclude you from any other remedies against the Relief

23    Defendants or any other person or entity based upon your claim.

24    In order to assist the Monitor, in reviewing your claim and reconciling it with the books

25    and records of the Relief Defendants, you must submit, in addition to your Proof of Claim, a

26    copy of all documents evidencing your claim, including but not limited to any canceled checks

27    (front and back), bank statements, account ledgers, invoices, statements, or other documents

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

804062.02/LA

-3-

NOTICE OF BAR DATE

Exhibit A – Page 9

1  evidencing the amount or basis of your claim, and any document evidencing a security interest,

2  if any.  **FAILURE TO SUBMIT APPROPRIATE SUPPORTING DOCUMENTS MAY**

3  **RESULT IN DENIAL OF YOUR CLAIM.**

4      You must inform the Monitor if you change your address after you submit your proof of

5  claim or interest.  In addition, you should also inform the Monitor if the address to which this

6  notice was mailed is incorrect.

7      **IF YOUR PROOF OF CLAIM IS NOT RECEIVED BY THE MONITOR**
8  **BEFORE [DATE] AT 5:00 P.M. PST, YOU WILL BE FOREVER BARRED FROM**
   **SEEKING OR PURSUING RECOVERY ON ANY CLAIM YOU MAY HAVE OR**
9  **HOLD WHICH RELATES TO OR ARISES OUT OF ANY INVESTMENT WITH,**
   **THROUGH OR IN THE RELIEF DEFENDANTS OR ANY CLAIMS YOU MAY**
10 **ASSERT AGAINST THE RELIEF DEFENDANTS OR ANY OF THEM.  YOU MAY**
   **WANT TO CONSULT YOUR OWN ATTORNEY.  YOU HAVE THE SOLE**
11 **RESPONSIBILITY TO CORRECTLY AND TIMELY FILE THE PROOF OF CLAIM**
   **FORM.**
12

13     To file your proof of claim, you must mail the original proof of claim to the Monitor at:

14 Michael A. Grassmueck, Monitor, PO Box 3649, Portland, Oregon 97208-3649 (to receive a

15 conformed (date-stamped) copy of your filed Proof of Claim form, enclose an extra copy of the

16 form, along with a stamped, self-addressed envelope).  You may also visit the Monitor's

17 website at www.grassmueckgroup.com/fahey_fund.php, to obtain a copy of the proof of claim

18 form and instructions for filing your proof of claim.

19

20 Dated: _____, 2008          ALLEN MATKINS LECK GAMBLE
                                        MALLORY & NATSIS LLP
21                                      DAVID R. ZARO
                                        YALE K. KIM
22

23                                      By: _____
24                                            Yale K. Kim
                                            Attorneys for Michael A. Grassmueck,
25                                            Monitor

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

804062.02/LA

-4-

NOTICE OF BAR DATE

Exhibit A -- Page 10

**EXHIBIT B**

**\*\*FOR PUBLICATION NOTICE ONLY\*\***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA –SAN FRANCISCO DIVISION
Case No. C 07-4975 (WHA)

**NOTICE OF BAR DATE FOR SUBMITTING CLAIMS
DEADLINE FOR FILING CLAIMS:  [DATE]**

SECURITIES AND EXCHANGE COMMISSION, Plaintiff

v.

ALEXANDER JAMES TRABULSE, FAHEY FUND, L.P., FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, and ITD TRADING, Defendants.

PLEASE TAKE NOTICE that the United States District Court for the Northern District of California, San Francisco Division, ("District Court") has entered an order establishing a deadline by which proofs of claim must be submitted to the Monitor by all persons or entities that hold or assert that they have or hold a claim against or interest in Fahey Fund, L.P., Fahey Financial Group, Inc., International Trade & Data, and ITD Trading, as well as their predecessors, subsidiaries, affiliates, and any entities controlled by them (collectively, the "Relief Defendants").

All persons or entities asserting a claim against or right to distribution from any of the Relief Defendants or otherwise wish to pursue relief related to a claim against the Relief Defendants or their subsidiaries and affiliates based upon, among other things, an investment in any of the Relief Defendants, must do so by filing a Proof of Claim.  If you have not received a Proof of Claim form, you can obtain one by visiting **www.grassmueckgroup.com/fahey_fund.php** or by writing to Michael A. Grassmueck, Monitor, P.O. Box 3649, Portland, Oregon 97208-3649.  If you fall within any of the following categories, **your Proof of Claim must be received by the Monitor by no later than [DATE] at 5:00 p.m. PST:**

- If you were an investor with, through or in any of the Relief Defendants or if you assert an interest in any of the Relief Defendants or any of their assets;

- If you assert a claim against any of the Relief Defendants or any entity under their control based on primary, secondary, direct, indirect, secured, unsecured, or contingent liabilities, or whether such claim is based upon contract, tort, contribution, indemnity, reimbursement, subrogation theories or other legal or equitable theory; or

- If you assert a claim against any other person or entity arising out of or based upon (a) any investment with, through or in any of the Relief Defendants; (b) any interest in any of the Relief Defendants or any of their assets or any claim against any of the Relief Defendants or any entity under their control based on primary, secondary, direct, indirect, secured, unsecured, or contingent liabilities; or (c) any claim of any sort against any of the Relief Defendants or any entity under their control whether such claim is based upon contract, tort, contribution, indemnity, reimbursement, subrogation theories or other legal or equitable theory.

When you submit a Proof of Claim form in this case, you consent to the jurisdiction of the District Court for all purposes, including a determination, among other things, as to the validity and amount of your claim.  In submitting a Proof of Claim, you agree to be bound by the actions of the District Court even if that means your claim is limited or denied.  By submitting a Proof of Claim, you further agree that your participation in any distribution from the Monitor may exclude you from any other remedies against the Relief Defendants or any other person or entity based upon your claim.

You must submit, in addition to your Proof of Claim, a copy of all documents evidencing your claim, including but not limited to any, canceled checks (front and back), bank statements, account ledgers, invoices, statements, or other documents evidencing the amount or basis of your claim, and any document evidencing a security interest, if any.

**IF YOU FAIL TO FILE A PROOF OF CLAIM BY [DATE] AT 5:00 P.M. PST, YOU WILL BE FOREVER BARRED FROM SEEKING OR PURSUING RECOVERY ON ANY CLAIM YOU MAY HAVE OR HOLD WHICH RELATES TO OR ARISES OUT OF ANY INVESTMENT IN THE RELIEF DEFENDANTS.  TO FILE YOUR PROOF OF CLAIM, YOU MUST MAIL THE ORIGINAL PROOF OF CLAIM TO THE MONITOR AT: MICHAEL A. GRASSMUECK, MONITOR, P.O. BOX 3649, PORTLAND, OREGON 97208-3649 (TO RECEIVE A DATE-STAMPED COPY OF YOUR FILED PROOF OF CLAIM, ENCLOSE AN EXTRA COPY OF THE FORM, ALONG WITH A STAMPED, SELF-ADDRESSED ENVELOPE).  YOU MAY ALSO VISIT THE MONITOR'S WEBSITE AT** www.grassmueckgroup.com/fahey_fund.php, **TO OBTAIN A COPY OF THE PROOF OF CLAIM FORM AND INSTRUCTIONS FOR FILING YOUR PROOF OF CLAIM.**

Exhibit B

**EXHIBIT C**

| UNITED STATES DISTRICT COURT<br>**Northern District of California – San Francisco Division** | **PROOF OF CLAIM** |
|---|---|

SECURITIES AND EXCHANGE COMMISSION, Plaintiff
v.
Alexander James Trabulse, Fahey Fund, L.P., Fahey Financial Group, Inc., International Trade & Data, and ITD Trading, Defendants

Case Number C 07-4975 (WHA)

**1.   NAME AND ADDRESS OF CLAIMANT :**

Name _____

Address _____

City / State / Zip Code _____

Telephone No. of Claimant: _____

Tax I.D. No. or SSN: _____

Account or Reference No: _____

**2.   CLAIMANT IS A(N):**   ☐ **INVESTOR**  (Go to Box 3)
☐ **CREDITOR**  (Go to Box 4)

**If Claimant is both an Investor and a Creditor, please file separate Proof of Claim forms for each claim.**

## 3.   INVESTORS ONLY

**3a.  Entity In or With Which You Claim To Have Invested:** (If you invested in or with several entities, provide separate Proof of Claim forms for each entity)

☐  Fahey Fund L.P.
☐  Fahey Financial Group, Inc.
☐  International Trade & Data
☐  ITD Trading
☐  Other: _____

**3b.  Total Amount of Claim as of December 17, 2007:  $_____**

☐  Check this box if claim includes increases over principal invested, interest or other charges, such as attorneys' fees, damages, claims or late fees in addition to the principal amount of the claim.  Attach itemized statement of all additional amounts, interest or charges.

☐  Check this box if you contend your claim is subject to a security interest.  Attach copies of all documents that evidence the claim of secured status.

**3c.  Date and Amount of Funds Paid or Entrusted:**

Date:_____     Amount:  $_____

Date:_____     Amount:  $_____

**3d.  Date and Amount of Any Distributions (including interest, dividends or returns of principal) or Withdrawals:**

Date:_____     Amount:  $_____

Date:_____     Amount:  $_____

(Attach additional sheets as necessary to reflect the date and amount of all distributions.)

**3e.  Attach Certificates/Agreements:**

Attach to your Proof of Claim, copies of all Agreements, cancelled checks (front and back), bank statements, account ledgers, statements or other documents evidencing the amount and basis of your claim.

**\*You Must Date and Sign The Claim At Lines 7 and 8 Below For This Claim To Be Valid.**

## 4.   CREDITORS ONLY

**4a.  Basis of Claim:**

☐  Goods Sold
☐  Services Performed
☐  Money Loaned
☐  Taxes
☐  Wages, salaries or compensation (fill out below)
    Your SS#_____
    Unpaid compensation for services performed
    from _____ to _____ (dates)
☐  Benefits (provide a detailed explanation on attached sheet)
☐  Other (provide a detailed explanation on attached sheet)

**4b.  Entity/Person with whom claim was incurred:**  _____

**4c.  Date Claim was Incurred:**_____

**4d.  If Legal Action Pending, Date Commenced, Court and Case No.:**

_____

_____

_____

If Court Judgment, Date Obtained:_____

**4e.  Total Amount of Claim as of December 17, 2007:  $_____**

☐  Check this box if you contend your claim is subject to a security interest.  Attach copies of all security agreements and other documents that evidence the claim of secured status.

☐  Check this box if claim includes interest or other charges, such as attorney's fees, lost profits or late fees in addition to the principal amount of the claim.  Attach itemized statement of all interest or additional charges.

**5.   Supporting Documents:** Attach copies of supporting documents, such as canceled checks (front and back), account ledgers, bank statements, promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.

**6.   Date-Stamped Copy:**  To receive an acknowledgment of the filing of your Proof of Claim form, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**7.   Date**

**8.**   Sign and print the name and title, if any, of all claimants or other persons authorized to file this claim (attach copy of power of attorney, death certificate or other document as needed if co-owner is unable to sign):

Exhibit C – Page 12

Exhibit C

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

## UNITED STATES DISTRICT COURT
### Northern District of California – San Francisco Division

SECURITIES AND EXCHANGE COMMISSION, Plaintiff

v.

Alexander James Trabulse, Fahey Fund, L.P., Fahey Financial Group, Inc.,
International Trade & Data, and ITD Trading, Defendants

Case Number C 07-4975 (WHA)

## GENERAL INFORMATION

Michael A. Grassmueck, the Monitor in the above-captioned case, has determined that there will likely be some assets to distribute to creditors and investors. The amount of funds available for distribution has not been determined; however, the Monitor believes that the best source of compensation to the investors and creditors is from the funds that the Monitor has recovered in this matter and investors and creditors are strongly encouraged to file claims using the attached form. **If your Proof of Claim is not received before [DATE] at 5:00 p.m. PST, you will lose your right to receive any distributions from the Monitor and your claim will be barred.**

1. **WHO MUST FILE A PROOF OF CLAIM FORM?** You must file a Proof of Claim form if you believe that you are owed any money by the following Defendants: Fahey Fund, L.P., Fahey Financial Group, Inc., International Trade & Data, and ITD Trading, and their subsidiaries and affiliates and any entities controlled by them (collectively referred to as the "Relief Defendants") or if you assert a claim against any other person or entity arising out of or based upon (a) any investment with, through, or in any of the Relief Defendants; (b) any interest in any of the Relief Defendants or any of their assets (c) any claim against any of the Relief Defendants or any entity under their control based on primary, secondary, direct, indirect, secured, unsecured, or contingent liabilities; or (d) any claim of any sort against any of the Relief Defendants or any entity under their control whether such claim is based upon contract, tort, contribution, indemnity, reimbursement, subrogation theories or other legal or equitable theory. Proof of Claim forms must be filed by claimants who were Investors and/or Creditors of the above-listed Relief Defendants and their affiliates and subsidiaries. If you are both an Investor and Creditor, or are an Investor with or through more than one of the Relief Defendants or affiliates or subsidiaries, file separate Proof of Claim forms for each and every claim or interest you allege to have against them or any of them. **Note that a failure to submit a signed Proof of Claim form and supporting documentation may result in the denial of your claim.**

2. **CONSENT TO JURISDICTION OF THE COURT AND THE CONSEQUENCES THEREOF.** If you submit a Proof of Claim in this case, you consent to the jurisdiction of United States District Court for the Northern District of California, San Francisco Division ("District Court") for all purposes, agree to be bound by its decisions, including a determination, among other things, as to the validity and amount of your claim against the Relief Defendants, affiliates, subsidiaries or other persons or entities as identified in paragraph 1. In submitting a Proof of Claim, you agree to be bound by the actions of the District Court even if that means that your claim is limited or denied. By submitting a Proof of Claim, you further agree that your participation in any distribution from the Monitor may exclude or prevent you from pursuing any other remedies.

3. **WHERE MUST THE PROOF OF CLAIM FORM BE SENT?** The completed Proof of Claim form, along with all supporting documentation must be mailed to: Michael A. Grassmueck, Monitor, PO Box 3649, Portland, Oregon 97208. You may visit www.grassmueckgroup.com/fahey_fund.php, and obtain a copy of the Proof of Claim form and instructions.

4. **WHEN IS THE DEADLINE TO FILE THIS PROOF OF CLAIM FORM?** The Proof of Claim form must be received by the Monitor before **[DATE]** at 5:00 p.m. PST. Please note that any late filed claim will be objected to and denied in its entirety.

5. **AM I AN INVESTOR OR CREDITOR?** If you believe you have or allege you have purchased stock or bonds through the Relief Defendants or otherwise invested with, through or in the above-listed Relief Defendants their affiliates and subsidiaries (see Paragraph 3a of the Claim for names of some of the other entities), you are an Investor. If you have performed services for the Relief Defendants, sold merchandise, loaned money, or were an employee of the above-listed Relief Defendants or their affiliates or subsidiaries, you are a Creditor. All other claimants to whom the Relief Defendants owe a debt, which debts are not based on the purchase of stocks or other investments, are also Creditors. Based on your categorization as either an Investor or Creditor, fill in the appropriate section of the attached Proof of Claim form. If you believe that you are both an Investor and a Creditor, fill out two (2) separate Proof of Claim forms. In either case, you must sign the form at line 8.

6. **SUPPORTING DOCUMENTS.** You must attach to the Proof of Claim form copies of all documents that show that the Relief Defendants owe the debts or amounts claimed, or if the documents are lengthy, a summary of those documents. If supporting documents are not available, you must attach an explanation of why they are not available. Failure to provide such documents may result in the denial of your claim.

7. **TAXES.** The Monitor cannot provide tax advice. You are encouraged to seek independent advice with regard to the filing of claims.

8. **ADDITIONAL INFORMATION.** Note that additional information regarding filing the Proof of Claim form, along with additional blank forms, can be obtained at www.grassmueckgroup.com/fahey_fund.php or you may write to the Monitor at the following address: Michael A. Grassmueck, Monitor, P.O. Box 3649, Portland, Oregon 97208.

Exhibit C – Page 13

Exhibit C

# INFORMATION ON COMPLETING THE PROOF OF CLAIM FORM

1.    **Information about Claimant.**  Complete this section giving the name, address and telephone number of the Claimant to whom the Relief Defendants owe money or property, and any account or reference number associated with such debt.

2.    **Claimant Type.**  Indicate in this box whether you are an Investor or Creditor (as defined in the General Information section above). If you are both an Investor and a Creditor, please file separate Proof of Claim forms for each claim.  Upon completing this box, if you have marked Investor, please proceed to box 3; if you have marked Creditor, please proceed to box 4.

3.    **FOR INVESTORS ONLY.**
    3a.    Indicate the name of the entity with, through, or in which you claim to have invested funds.
    3b.    **Claim Amount.**  State the amount you invested or paid to the Relief Defendants or their predecessors, affiliates or subsidiaries as of December 17, 2007.  If said claim amount includes increases over principal invested, such as interest, attorneys fees, damages, claims or late fees, please mark the appropriate box below the claim amount and provide a detailed break-down of the claim.  Also attach all documentation supporting said claim amount and the calculation of same. Also, if you allege that your claim is subject to a security interest, mark the appropriate box in this section and provide all supporting documentation evidencing the secured status of your claim.
    3c.    **Date and Amount of Funds Invested.**  Indicate in this section each time you made an investment with the applicable Relief Defendant by indicating the investment date and the investment amount.  Attach additional sheets as necessary to reflect all investments.
    3d.    **Date and Amount of any Distributions or Withdrawals.**  Indicate the date of any distributions or withdrawals from the applicable Relief Defendant by indicating the date and amount of each said distribution or withdrawal.  Attach additional sheets as necessary to reflect the date and amount of all transfers of money out of the applicable Relief Defendant. (Investors go to Section 5 of the Proof of Claim and complete Sections 5 – 8.)
    3e.    Attach to your Proof of Claim, copies of all Agreements, Certificates, and any other documents you contend reflect the terms of your agreement or investment with any of the Relief Defendants.

4.    **FOR CREDITORS ONLY.**
    4a.    Indicate the basis of your claim in this section.
    4b.    Entity/Person with whom claim was incurred:  Identify the person or entity you believe owes you the money.
    4c.    **Date the Claim was Incurred.**  Indicate the date on which the amount you allege to be owed arose.
    4d.    **Pending Legal Action.**  If you have commenced a legal action against any of the Relief Defendants, provide the details of said legal action here.  Attach any additional pages of description and supporting documentation.  Also, please provide any information regarding court judgments obtained against any of the above-captioned defendants.
    4e.    **Total Claim Amount as of December 17, 2007.**  State your claim amount of December 17, 2007.  Also, mark the applicable box if you contend your claim is subject to a security interest, and attach copies of all security agreements and other documents that evidence the claim of secured status.  Mark the applicable box if your claim amount includes interest or other charges, such as attorneys fees, lost profits, or late fees in addition to the principal amount of your claim, and attach an itemized statement of all such additional charges.

5.    **Supporting Documentation.**  Note that in addition to filling out the Proof of Claim form, you should provide supporting documentation evidencing your claim.  Supporting documentation may include documents such as canceled checks, bank statements, account ledgers, promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, or evidence of perfection of liens.  Furthermore, feel free to provide any additional pages of explanation or narrative discussing your claim and claim amount.

6.    **Acknowledgement of Filing.**  To receive an acknowledgement of the filing of your Proof of Claim form, enclose an additional copy of the Proof of Claim form, along with a self-addressed, stamped envelope when filing the original form.

7.    **Date.**  Insert the date on which you completed and signed the Proof of Claim form.

8.    **Signature.**  Sign the Proof of Claim form and indicate your title, if applicable.

Exhibit C – Page 14

Exhibit C