DAVID R. ZARO (BAR NO. 124334)
YALE K. KIM (BAR NO. 188895)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
Email: dzaro@allenmatkins.com
       ykim@allenmatkins.com

Attorneys for Michael A. Grassmueck, Monitor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER JAMES TRABULSE,<br><br>Defendant.<br><br>and<br><br>FAHEY FUND, L.P., FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, and ITD TRADING,<br><br>Relief Defendants. | Case No. C 07-4975 (WHA)<br><br>DECLARATION OF MICHAEL A. GRASSMUECK IN SUPPORT OF MOTION TO APPROVE CLAIMS PROCEDURES AND FOR ORDER ESTABLISHING CLAIMS BAR DATE<br><br>Date: October 16, 2008<br>Time: 8:00 a.m.<br>Place: Courtroom 9, 19th Floor<br>        United States District Court<br>        Northern District of California-<br>        San Francisco Division<br>        450 Golden Gate Avenue<br>        San Francisco, CA 94102 |

I, Michael A. Grassmueck, declare:

1. I am the duly appointed monitor (the "Monitor") for Fahey Fund, L.P.; Fahey Financial Group, Inc.; International Trade & Data; and ITD Trading, and their subsidiaries and affiliates and any entities controlled by them (collectively referred to as the "Relief Defendants").

2. I submit this declaration (the "Declaration") in support of the Motion For Order Approving Claims Procedure And For Order Establishing Claims Bar Date (the "Motion"). I have personal knowledge of the facts stated in this Declaration as to which I could and would personally and competently testify if called upon to do so.

3. On December 17, 2007, I was appointed as Monitor of the Relief Defendants pursuant to the entered Order Appointing Monitor And Other Ancillary Relief ("Monitor Order"). Pursuant to the Monitor Order, I was empowered and directed to, among other things, conduct such investigation as would be necessary to locate and account for the Relief Defendants' assets, and review the overall operation of the Relief Defendants in accordance with the Monitor Order.

4. On February 13, 2008, the Court entered an Order implementing certain of my recommendations, and which also incorporated the terms of the Monitor Order (the "Modified Order"). The Modified Order authorized me to, among other things, undertake the review and analysis of claims, and determine the allowance of claims, through a claims review process, and assist in the sale and liquidation of assets.

5. In connection with my duties under the Modified Order, and based on the timing of this case and the existence of funds available for distribution to investors and creditors, I have determined that it is appropriate to now commence the claims review and analysis process.

6. The first step in the process is to obtain Court approval of the following: (i) the procedure to be used by the Monitor for the solicitation, review and approval of claims against the Relief Defendants, (ii) a date certain (the "Bar Date") by which the Monitor must receive proofs of claim of any type against any of the Relief Defendants, and (iii) the form and manner of notice of the Bar Date to be sent to investors and creditors, (collectively, the "Claims Procedures").

PROPOSED CLAIMS PROCEDURES

7.  I propose that once the Court has approved the form and content of the Notice of Bar Date for Submitting Any and All Claims (the "Notice of Bar Date") (attached as Exhibit A to the Motion), I, as Monitor, shall mail the Notice of Bar Date along with an approved proof of claim form to all known and suspected interested parties, and will publish notice in appropriate newspapers of general readership.

8.  The establishment of a Bar Date is necessary in order to provide certainty and finality to the claims process and to allow for the timely wind-down of the monitorship. I propose that the Bar Date be set ninety-five (95) days from the date of mailing the Notice of Bar Date (i.e., 90 days plus 5 days for mailing), thereby providing sufficient notice to all to file their claims.

9.  Once the Bar Date has passed and I have reviewed the claims, I will bring an omnibus motion or motions for approval of claims, rejection of claims, and disbursement of proceeds. All claimants will receive notice of this omnibus motion or motions with information about how I propose his/her or its claim be treated, so that a claimant whose claim is rejected can file an opposition to the motion if the claimant wishes to be heard.

NOTICE

10. I intend to provide creditors at least ninety (90) days notice to file a proof of claim from the date of receipt of the Notice of Bar Date. I believe that setting the Bar Date ninety-five (95) days from the date of mailing the Notice of Bar Date will ensure that creditors will have sufficient notice within which to file their claims with the Monitor.

11. I will also publish notice of the Bar Date in the *Wall Street Journal*, (or similar publication), the *San Francisco Chronicle*, and on the Monitor's website in a form similar to the Form of Notice for Publication attached to the Motion as Exhibit B.

EFFECT OF FAILURE TO FILE PROOF OF CLAIM

12. Any party who is required to file a proof of claim and otherwise fails to do so by the Bar Date: (i) should not, with respect to any such claim, be treated as a creditor or claimant of the Relief Defendants, (ii) should be forever barred, estopped and enjoined from (a) filing a proof of claim at a later date with respect to such claim, (b) asserting any claim against the Relief

1  Defendants, and (c) participating in any distribution in this case on account of such claim, and (iii)
2  the monitorship and the Relief Defendants should be discharged forever from any and all
3  indebtedness or liability in respect of such claim.
4      I declare under penalty of perjury under the laws of the United States of America that the
5  foregoing is true and correct. Executed this 9th day of September, 2008, at Portland, Oregon.

                                      MICHAEL A. GRASSMUECK