IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEXANDER J. TRABULSE,<br><br>    Defendant,<br><br>  and<br><br>FAHEY FUND, L.P., FAHEY FINANCIAL GROUP, INC., INTERNATIONAL TRADE & DATA, and ITD TRADING,<br><br>    Relief Defendants.<br>_____/ | No. C 07-04975 WHA<br><br>**ORDER GRANTING OMNIBUS MOTION REGARDING CLAIMS** |

    In this enforcement action, the Securities and Exchange Commission alleged that defendant Alexander James Trabulse, a San Francisco hedge fund manager, defrauded investors by misusing fund assets and misrepresenting the fund's profitability. A preliminary injunction dated December 7, 2007, prohibited the relief defendants from withdrawing any money from the fund without authorization, required a verified accounting, and approved the appointment of a monitor to oversee the operations of the relief defendants. Shortly thereafter, the parties stipulated to the appointment of a corporate monitor, and the stipulation was approved by an order dated December 17, 2007. An order dated February 13, 2008, authorized the monitor to conduct a claims review process whereby investors were notified and requested to provide verifiable information as to the amounts invested in the fund and the distributions that they

1  received. A stipulated final judgment was entered on April 7, 2008. A subsequent order dated
2  April 22, 2008, approved the claims procedures.
3       The monitor has now completed the claims review process. The monitor contacted all
4  investors and creditors, and in response it received 150 proofs of claims. The monitor then
5  notified investors of its proposed treatment of their claims, and investors were afforded an
6  opportunity to respond.
7       The monitor now moves for approval of its recommendations regarding the allowance
8  and disallowance of claims. Due to the limited resources available for distribution, the monitor
9  recommends that only the principal amount of each claim be allowed and that no claimant
10 receive a distribution for interest, attorney's fees, consequential damages, lost profits, punitive
11 damages or other tort damages. Furthermore, the monitor recommends disallowance of claims
12 unsupported by adequate documentation. Investors whose claims were deemed inadequately
13 documented were afforded the opportunity to submit back-up documentation to substantiate
14 their claims.
15      The monitor indicates that it has resolved the vast majority of the claims, although a few
16 objections remain. It recommends allowance of 115 claims (in whole or in part) totaling
17 $13,951,185.60. A hearing was held in July 2009. Three investors objected to the monitor's
18 recommendations either in writing or at the hearing: (1) Paul and Eileen Jorgensen; (2) Erin
19 Finn; (3) Martin Button and Sandra Kasky ("the Buttons"). For the reasons that follow, the
20 monitor's omnibus motion regarding claims is **GRANTED** in its entirety and distributions will be
21 made in accordance with the monitor's modified recommendations (Dkt. No. 120).
22       **1.     CLAIM OF PAUL AND EILEEN JORGENSON**:
23      Paul and Eileen Jorgensen filed a claim for $795,000, and in their objection to the
24 monitor's motion they now seek $829,870. The Jorgensens were in the business of selling rugs
25 in Nevada. They agreed with Trabulse to an arrangement whereby they would sell rugs to the
26 fund in exchange for shares of the fund. The monitor recommends reducing the claim
27 Jorgensens' claim in two respects: (1) the number of rugs for which the Jorgensens will receive
28

a distribution, and (2) the method of calculating the distribution they will receive for those rugs. The Jorgensens object to both reductions.[1]

The Jorgensens claim that they sold 295 rugs to the fund. The monitor, however, identified only 200 rugs sold *to the relief defendants*. Additional rugs were sold to Trabulse *personally* rather than to the relief defendants, the monitor indicates, and no documentation supports the claim for the remaining rugs. This order approves the monitor's disallowance of a distribution for rugs that were not shown to be sold to the fund. The Jorgensens are not entitled to a distribution for personal sales of rugs to Trabulse. The monitor properly required from all claimants documentation of the principal amounts invested in the fund, and only 200 rugs were shown to have been sold as investments in the fund. This order approves the monitor's partial disallowance of the claim for rugs not shown to have been invested with the relief defendants.

The second dispute involves the method of calculating the distribution for each rug invested with the fund. The Jorgensens claim that they sold the rugs at a discount and were promised credit in the fund for the difference between the "retail" price and their discounted price. They seek credit for what they allege is that full difference. The monitor determined that the value of the rugs should instead be calculated at *cost* (rather than the claimed *retail* value). It approved the Jorgensens' claim for the rugs only in the amount of the *cost* of the rugs sold to the fund minus the cash payments and/or distributions that the Jorgensens received *from* the fund — but not for the full claimed retail value of the rugs. This order approves the monitor's use of cost rather than the claimed retail value of the rugs. The transactions were essentially on a barter system and there is no reliable method of determining the actual retail value of the rugs. The only reliable value for the rugs is their cost.

For all of these reasons, the monitor's treatment of the Jorgensens' claim is approved.

---

[1] The Jorgensens also made a $400,000 cash investment in the fund, but the cash investment is not in dispute because the monitor has allowed it.

3

### 2. CLAIM OF ERIN FINN:

Erin Finn submitted a claim for $90,465.03. The monitor recommends disallowing the claim on the grounds that Ms. Finn failed adequately to document the claim. Ms. Finn objects. The objection is overruled; the disallowance is approved.

Ms. Finn contends that an account statement from January 2006 showed a balance of $90,465.03 and that, at a minimum, she submitted adequate documentation of a *principal* amount of $50,000 invested — an alleged deposit of $30,000 on her behalf by an individual named Joe Barron and a $20,000 deposit by Ms. Finn herself. There was no reliable record, however, of these investments. In support of her claim, Ms. Finn submitted documents provided by Mr. Trabulse purporting to show that two payments totaling $60,000 (not $50,000) were made. The monitor also received a scanned copy of a check in the amount of $25,000 dated February 1, 2002. The monitor, however, found the documentation to be unreliable and was unable to reconcile the records submitted on behalf of Ms. Finn with the investments Ms. Finn claims to have made or with the estate's records. This order approves the monitor's findings. Ms. Finn has failed adequately to document her claim. The objection is overruled.

### 3. CLAIM OF MARTIN BUTTON AND SANDRA KASKY:

Martin Button and Sandra Kasky ("Buttons") submitted seven claims for various IRA, Roth and trust-fund accounts. The monitor recommends *allowance* of the claims for two of those accounts (claims 134 and 135), but it recommends *disallowance* of the claims for the remaining five accounts (claims 129 through 133). These five accounts, the monitor indicates, were commingled and the Buttons received withdrawals on them exceeding the overall principal amounts of the accounts. The monitor's disallowance of claims 129 through 133 is approved. Given the significant commingling of the accounts at issue in claims 129 through 133 and the fact that the Buttons' withdrawals exceeded the value of the accounts, those accounts will be treated jointly and disallowed.

### 4. CLAIM OF CATHRYN CONSTANTIN:

After initially objecting to the claim, the monitor now recommends approval of a claim submitted by Cathryn Constantin. Ms. Constantin invested in an entity called Stockport

4

Trading, and she submitted documentation of her investment in an overseas account owned by that entity. Ms. Constantin submitted a claim herein alleging that the Stockport account was actually owned by the Fahey Fund and that her investment was actually an investment with the relief defendants.

At the hearing, the monitor confirmed that the Stockport account was in fact owned by the relief defendants and recommended allowance of the claim. The Court indicated that Ms. Constantin's claim would be allowed if she submitted a declaration under oath stating that she has received no distributions on her investment in Stockport Trading. Ms. Constantin timely submitted a sworn declaration so stating. The claim is therefore allowed.

For all of these reasons, the monitor's omnibus motion regarding claims is **GRANTED** in its entirety and distributions will be made in accordance with the monitor's modified recommendations (Dkt. No. 120).

**IT IS SO ORDERED.**

Dated: August 31, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE